(110 So. 702)

## JETT et al. v. TURNER.    (1 Div. 418.)

(Supreme Court of Alabama.   Dec. 16, 1926.)

1. **Master and servant** ⬦⇒375(2)—Injury to employee while transported from work by employer held compensable as arising "out of and in course of employment" (Code 1923, §§ 7534, 7596, subd. [j]).

Where employer furnished auto transportation to and from servants' place of work, injury to employee while riding back from work *held* compensable under Code 1923, § 7534, as injury arising in "course of employment," because incident to and part of relation of master and servant, though section 7596, subd. (j), provides injuries arising out of course of employment cover only those sustained on or about premises where services are performed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

2. **Master and servant** ⬦⇒371—Definition in compensation statute must be construed in connection with legal meaning of course of employment (Code 1923, § 7596, subd. [j]).

Code 1923, § 7596, subd. (j), under section headed, "words and phrases defined," providing injuries arising from employment cover only injuries on premises where services are performed, which statute also provides such specification does not affect meaning or interpretation of general clause, "injuries by accidents arising out of and in course of employment," must be construed in connection with legal meaning of general clause.

3. **Statutes** ⬦⇒226—Decision of foreign state subsequent to enactment of adopted statute held not binding.

Decision of foreign state under statute from which statute of forum was copied does not control decisions of forum, where decision of foreign state was made subsequent to enactment of statute by local state.

4. **Master and servant** ⬦⇒371—Relation of accident to service controls decision as to whether accident arose "out of and in course of employment."

Controlling inquiry in determining whether particular accident arose "out of and in course of employment" is relation of accident to service, including time and place.

Certiorari to Circuit Court, Mobile County.

Petition of Daniel E. Jett and James J. Quill, individually and as partners doing business under the name and style of Jett-Quill Construction Company, for certiorari to the circuit court of Mobile county to review the judgment and finding of that court for the claimant in a proceeding under the Workmen's Compensation Act by James B. Turner against the petitioners.   Writ denied and judgment affirmed.

Smiths, Young & Johnston, of Mobile, for petitioners.

The Compensation Act of this state does not cover workmen except while engaged in, on, or about the premises where their services are to be performed, or where their service requires their presence as a part of such service at the time of the accident and during the hours of service as such workmen.   The petitioners are not liable in this case.   Ex parte Taylor, 213 Ala. 282, 104 So. 527; Ex parte American Fuel Co., 210 Ala. 229, 97 So. 711; Erickson v. St. Paul C. R. Co., 141 Minn. 166, 169 N. W. 532; Nesbitt v. Twin City F. & F. Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; Otto v. Duluth S. R. Co., 138 Minn. 312, 164 N. W. 1020; Code 1923, § 7596 (j).

Harry T. Smith & Caffey, of Mobile, opposed.

An employé, riding in a conveyance furnished by his employer in furtherance of his employer's business and as a part of the terms of the employment, is rendering a service to his employer while so doing.   A. G. S. v. Brock, 161 Ala. 351, 49 So. 453; Bowles Case, 27 Ind. App. 672, 62 N. E. 95, 87 Am. St. Rep. 279; Rock County v. Ind. Comm., 185 Wis. 134, 200 N. W. 657; Hackley v. Ind. Comm., 165 Wis. 586, 162 N. W. 921, L. R. A. 1918A, 277; Dunn v. Trego, 279 Pa. 518, 124 A. 174; Swanson v. Latham, 92 Conn. 87, 101 A. 492; Scalia v. Amer. Sumatra Co., 93 Conn. 82, 105 A. 346; Dominguez v. Pendola, 46 Cal. App. 220, 188 P. 1025; Littler v. Fuller, 223 N. Y. 369, 119 N. E. 554; Harrison v. Central Const. Co., 135 Md. 170, 108 A. 874; Ex parte Amer. Fuel Co., 210 Ala. 229, 97 So. 711; Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422; Novack v. Montgomery Ward & Co., 158 Minn. 495, 198 N. W. 290; Ind. Comm. v. Ætna Co., 64 Colo. 480, 174 P. 589, 3 A. L. R. 1336; Widell Co. v. Ind. Comm., 180 Wis. 179, 192 N. W. 449; Gane v. Norton Hill Colliery Co., 2 K. B. 544.

BOULDIN, J.   This is a certiorari proceeding to review a judgment awarding compensation to an employee under the Workmen's Compensation Law.   The sole question presented is whether the injury was caused by accident "arising out of and in the course of his employment."   Code. § 7534.   The finding of facts on this issue was:

"That on, to wit, the 22d day of July, 1925, J. B. Turner made a contract with defendant for personal services at the rate of 60 cents per hour, and that, as a part of the consideration paid, or to be paid, to him, for his services rendered, or to be rendered, the defendant was to furnish him transportation from his home to the place of work and return by way of automobile; that on the 3d day of August, 1925, while returning to his home from the Dog river bridge, where the petitioner had been at work for the defendant, as a carpenter, in an automobile designated by the defendant's

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

foreman in charge of said work, the cost of transportation therein amounting to 10 cents having been paid by the defendant, he was painfully and permanently injured as a result of the reckless and negligent driving of the person in charge of said automobile."

[1] The inquiry thus squarely presented is: When as part of the contract of employment the employer furnishes transportation to and from the place of work, is an injury to the employee while in transportation within our compensation statute? The case must be governed by a proper construction of the Code, § 7596, subd. (j), saying:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, injuries by an accident arising out of and in the course of his employment, it is hereby declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident, and during the hours of service as such workmen. * * * "

[2] The section is headed, "Words and phrases defined." Without question subdivision (j) is in a sense definitive of the general clause styled therein an "abridged clause," viz., "injuries by accident arising out of and in the course of the employment." The provision begins with the precaution, "without otherwise affecting either the meaning or interpretation" of the clause defined. Thus the defining terms of subdivision "(j)" are not to be looked to as all-inclusive, but in connection with the legal meaning of the abridged clause as expressed in its own terms, and in view of the purposes of the act. With this precaution, the definition takes the form of a limitation. The abridged clause is "declared: Not to cover workmen except" under conditions then named.

The conditions named are three: (1) One of relation "while engaged in" the service, while the hazards of the employment are present, risks which the law aims to make in some measure the burden of industry rather than the burden of the victim of the accident. (2) One of place, viz., "On or about the premises" where their services are being performed, or where their service requires their presence as a part of such service at the time of the accident." (3) One of time, viz., "during the hours of service as such workmen."

Subdivision (j) contains other limitations not essential to the present inquiry. This court has twice had occasion to consider these provisions with reference to an injury received by an employee after leaving the premises and while returning from his place of work to his home.

In Ex parte American Fuel Co., 210 Ala. 229, 97 So. 711, the employee, in the language of the opinion, was, when injured, "being transported at his own expense from the place of service to the town of his residence." It appears the transportation was being furnished by a third person, the employer's relation thereto being the collection of the fares out of the wages of the employees for the benefit of the third person. Declaring that, when injured, the employee was not upon the premises, nor at a place where the duties of his service required him to be, nor was he injured during his hours of service, it was held no compensation could be allowed. This case, noting the declared rule that a statute copied from that of another state presumably adopts the existing construction in the parent state, and that subdivision was taken from the statute of Minnesota, cited certain decisions from that state.

In Ex parte Taylor, 213 Ala. 282, 104 So. 527, we reviewed these Minnesota cases, giving briefly the facts and quoting from the opinions. In the Taylor Case some comments were made on the trend of the Minnesota cases as touching the question now before us. These comments may be a bit misleading in failing to properly note the alternative clause as to place; but the question now before us was left undecided, and the decision placed on the ground that at the time of the injury the employee had left the conveyance of his employer at destination and was injured by a passing automobile on a public street.

[3] Among the Minnesota decisions cited and reviewed was Nesbitt v. Foundry Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, wherein the facts were quite analogous to the present case. Appellant now calls to our attention that this case was decided several months after the Alabama statute was enacted. This being true, it could not have been in mind as an established construction of language being adopted by our Legislature. The case must, therefore, be regarded as having only that persuasive authority accorded judicial decisions in general.

After announcing the rule of nonliability as quoted in our Taylor Case above, the Minnesota court noted the hardship that may arise by denying compensation to an employee injured while going to his place of work on a conveyance furnished by the employer as part of the contract of employment, and suggests that it may be desirable to amend the act. Accordingly, the Minnesota Act was amended by inserting in subdivision (j) the following:

"Provided, that where the employer regularly furnishes transportation to his employés to or from the place of employment, such employés shall be held to be subject to this act while being so transported." Gen. Stat. Minn. § 4326, subd. (j).

Turning to Minnesota cases decided prior to the enactment of the Alabama statute, we

find none in which the rule of the Nesbitt Case was announced. In Erickson v. St. Paul City R. Co., 141 Minn. 166, 169 N. W. 532, cited in the Nesbitt Case, it was expressly noted "that their contract of employment imposed no obligation upon the employer to transport them to or from the place of work, and that they were merely riding as licensees to serve their own convenience."

We turn to other Alabama cases wherein subdivision (j) has been considered. Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289, was a case of injury of the employee a few minutes after working hours, and while upon and leaving the premises by a route rightfully available to the employees. After quoting a still later Minnesota case (Lienau v. Northwestern Tel. Co., 151 Minn. 258, 186 N. W. 945), saying, "In general it may be said that the act was intended to apply in cases where the relation of master and servant exists," and after referring to other cases, the opinion proceeds:

"It will now suffice to say, in the light of those authorities, that an employee's injury is within the prescription of these phrases of the Alabama act. if, when the injury was received, the employee was either doing the work or performing the service he was engaged to do or perform, or was engaged in an act or service naturally related thereto, such as a reasonable judgment would refer either to the express or the implied elements of the contract of employment, such as a reasonable conception would conclude to be a natural incident of the employee's engagement. Within the purview of such naturally related and incidental acts in the course of the employment is the movement of the employee in entering, at the appropriate time, the employer's premises to discharge his function; his preparation to begin and to terminate his actual service; and to leave the premises at an appropriate time after the completion of his actual service. Gane v. Norton Hill Co., 2 K. B. (1909) 539; Terlecki v. Strauss, 85 N. J. Law, 454, 89 A. 1023; 1 Honnold [on Workmen's Compensation], pp. 358, 367, 368, et seq."

This case is authority that the "hours of service" within the statute are not limited to the precise time when actual work begins and ends, the hours on which wages are computed. See, also, State v. District Court, 141 Minn. 61, 169 N. W. 275; State v. District Court, 141 Minn. 348, 170 N. W. 218.

In Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728, the statute was considered as related to what the employee was actually doing at the time of the injury—whether he was engaged in the service of his employment at the time. After a full and careful discussion of the principles involved, the opinion concludes:

"And the work was such as that employees may reasonably engage in same for defendant, or incidental to the fulfilling of the duties of the employment and conserving the properties and business of the master."

Held entitled to compensation. See, also, Ex parte Terry, 211 Ala. 418, 100 So. 768; Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422.

With impressive unanimity the courts of other states throughout the Union have declared that an employee, injured while being transported by his employer to and from his place of work as a part of the contract of employment, is within the protection of workmen's compensation laws.

[4] True, the statutes of other states, so far as we have found, have not undertaken to define the clause "arising out of and in the course of the employment" as in Minnesota and Alabama; but a careful reading of these authorities discloses they were dealing with the natural and obvious meaning of that clause, which may be regarded as a crystallized form of expression resulting from long periods of discussion and careful thought throughout the English speaking world, and incorporated in workmen's compensation statutes as most expressive of the purpose of such laws. The relation of the accident to the service, including time and place, named as elements of the statutory definition, are the controlling inquiries in all the cases.

We content ourselves with citing the following: Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778; Swanson v. Latham, 92 Conn. 87, 101 A. 492, 494; Scalia v. American Sumatra Co., 93 Conn. 82, 105 A. 346; Dominquez v. Pendola, 46 Cal. App. 220, 188 P. 1025; McClain v. Kingsport, 147 Tenn. 130, 245 S. W. 837; 21 A. L. R. 1223, note; 24 A. L. R. 1233, note; 1 Honnold on Workmen's Compensation, p. 375 et seq.

While the employee is being transported by the employer pursuant to the contract of employment, it cannot be questioned they have entered upon the day's work wherein mutual duties of employer and employee are presently being performed. The pay of the employee has begun, not in wages, but in service incident to the mutual relation created by contract; his going to or from the place of work is incident to his service as per contract; the hazard of the moment is directly due to relation of employer and employee; he is at a place where he is called upon to be, where of right he may be in the performance of contractual duty.

In the leading case, In re Donovan, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778, the court aptly observes that the employee while in transportation was a fellow servant with the driver of the conveyance, and subject to the disabilities of that relation in actions founded upon negligence, and that it is not easy to presume an intent to arbitrarily exclude the employee from the benefits of compensation laws founded upon a liberal policy toward all employees. See

A. G. S. Ry. v. Brock, 161 Ala. 351, 49 So. 453.

Without giving a harsh and literal meaning to the limiting features of subdivision (j), out of keeping with the spirit of the law everywhere recognized, without excluding the particular hazard growing out of special duties of the employer while in the actual rendition of service due to present active relations of employer and employee, we cannot deny compensation here.

The certiorari is therefore denied and the judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.