SOUTHERN STATES MANUFACTURING COMPANY, a trust organization, doing business as BONIFAY HEADING COMPANY, Employer, Appellant, v. GROVER D. WRIGHT, Employee and Claimant, Appellee.

200 So. 375
En Banc
Opinion Filed February 4, 1941
Rehearing Denied March 4, 1941

B. L. Solomon, H. H. Wells, and W. G. Starry, for Appellant;

John C. Wynn, for Appellee.

Buford, J.—Appeal is from order affirming award of Florida Industrial Commission.

Claimant worked for Bonifay Heading Company in milling operations at the owner's plant in Bonifay, Florida, some thirty miles west of Marianna, Florida. His employment was steady, but he was paid on the basis of hours of labor. He had worked for the same mill owners at a like plant in Marianna until the mill at that place was destroyed by fire and thereafter the employment was transferred to and continued at Bonifay. Employer furnished a truck for the conveyance of claimant and other employees to and from Marianna and Bonifay daily. On January 27, 1939, while claimant was being transported on employer's truck from Marianna to Bonifay to work at employer's mill he was injured when the truck turned over while being driven, for the purpose of conveying the employees, by an employee of the employer designated and authorized by the employer to drive such truck for such purpose.

The question to be determined is, did the injury arise out of and in the course of the employment?

While, as stated, the employee was paid by the hour, he was the regular employee of the employer and under the agreement of employment it was at least his implied duty to take advantage of the conveyance arranged for by the employer and thus go to the place where actual work was required to be performed. His employment contemplated the incident of being transported, as stated, to and from work. Terms of a contract may be implied from the actions of both of the parties and considered as adopted by them as a part of the employment contract. See Jett v. Turner, 215 Ala. 352, 110 Sou. 702; Swanson v. Lathan & Crane, 92 Conn. 87, 101 A. 492; Keyhea v. Woodard-Walker Lumber Co. (La. App., 1933), 147 Sou. 830; Thompson v. Bradford Motor Freight Co. (La. App. 1933), 148 Sou. 79; Rogers v. Mengel Co. (La. App. 1937), 176 Sou. 322; Rubeo v. Arthur McMullen Co., 118 N. J. L. 531, 193 A. 797; Lee v. Fish (N. J. L. 1938), 196 A. 662; Rafferty v. Dairymen's League Co-op. Assn. (N. J. L. 1938), 200 A. 493; Cary v. State Ind. Com'n., 147 Okla. 162, 296 P. 385; McGeorge Corp. v. State Ind. Com'n, 180 Okla. 346, 69 P. (2d) 320; Logan v. Pot Ridge Coal Co., 79 Pa. Super. 421; Beck v. Ashton, 124 Pa. Super. 307, 188 A. 368; McClain v. Kingsport Imp. Corp., 147 Tenn. 130, 245 S. W. 837; Fritzmeier v. Texas Emp. Ins. Assn., 131 Tex. 65, 114 S. W. (2d) 236.

Generally it appears that the employer's liability in such cases depends upon whether or not there is a contract between employer and employee, express or implied, covering the matter of transportation to and from work. See 71 C. J. 716, Sec. 446; Nesbit v. Twin City Forge & Foundry Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; Erickson v. St. Paul City Ry. Co., 169 N. W. 532, 141

Minn. 166; Gruber v. Mercy, 7 N. J. Misc. 241, 145 Atl. 106; Pierdiluca v. Benedetto, 206 N. Y. Sup. 358, 210 App. Div. 144; Stemal v. Jewel & Co., 199 N. Y. Sup. 473, 205 App. Div. 170; Rausch v. Standard Shipbuilding Corp., 181 N. Y. Sup. 513, 111 Misc. 450; Lumbermen's Mutual Casualty Co. v. Cooper, 47 Ga. App. 284, 170 S. E. 384; Healy v. Hudson Coal Co., 130 Pa. Super. Ct. 462, 198 Atl. 684; A. & E. Lbr. Co. v. Atkinson, 184 Okla. 530; American Mutual Liability Ins. Co. v. Curry, 187 Ga. 342, 200 S. E. 150.

While our opinion in the case of Cohen v. Sloan, 138 Fla. 752, 190 Sou. 14, is not directly in point, our holding the employer liable in that case was based upon the theory that the employee was fatally injured while engaged in an act incident to the furtherance of the employer's business. In that case it was our conclusion that the necessity for the employee to return to her home after completing the work for which she was taken by her employer away from her home to perform, was an incident of the employment.

So, in this case where the employer required the services of the employee in its milling plant at Bonifay, and as an incident to procuring such services there, arranged for the transportation of the employee on the employer's truck to and from Marianna, the place where the employee lived, to and from Bonifay, there existed an implied, if not expressed, contract that the employer would provide such truck for such transportation and that the employee would use such truck for such transportation under whatever terms were agreed upon. Such transportation so had, received and used was an incident to the employment and was exercised in the furtherance of the employment.

It, therefore, follows that the injury received came within the provisions of the Florida Workmen's Compensation Act. No reversible error appearing in the record, the judg-

ment of the circuit court affirming the award of the Industrial Commission is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.