74 So.2d 103 (1954)
POVIA BROS. FARMS et al.
v.
VELEZ et al.
Supreme Court of Florida. En Banc.
August 3, 1954.
Samuel R. Dighton, Orlando, for appellants.
Rafael A. Rivera-Cruz, Miami, and Rodney Durrance, Tallahassee, for appellees.
HOBSON, Justice.
The Deputy Commissioner in this workmen's compensation case found in favor of the employee-claimant. His ruling was affirmed by the full Commission and by the Circuit Court, and the employer and insurer appeal from the latter order. No question of fact is presented. The uncontroverted findings of the Deputy are as follows:
"Antonio Velez (claimant) was employed by Povia Bros. Farms, in Lee County, Florida, at an average weekly wage of $40.00. He and several of his fellow employees lived in a neighborhood west of Fort Meyers known as Whiskey Creek, where the employers' truck picked them up each morning and took them to the site of their day's work. No particular assembly point for the workers was designated; the truck stopped and picked them up as the driver saw them. The claimant lived on the east side of the highway passing through the neighborhood. At about 6:50 A.M. on January 30, 1952, the employers' truck, in accordance with custom, stopped to pick up the claimant, and parked on the shoulder of the road, off the west side thereof. As the claimant crossed the highway to board the truck, he was struck by another truck belonging to a third party, and received severe and disabling injuries."
The record shows that before the accident occurred the employers' truck had been proceeding in a southerly direction, and had parked on the right-hand shoulder of the highway, with all four wheels off the pavement, in conformity with the rules of the road.
The question presented is whether the injuries sustained by the appellee were properly considered as "arising out of and in the course of employment" within the intendment *104 of Sec. 440.09, Florida Statutes, F.S.A., or, as framed by appellants "whether the act of claimant in crossing the public highway, under all the facts and circumstances of the case, for the purpose of boarding employers' truck furnished as free transportation to go to work, was an incident to such transportation, thus entitling him to compensation to the same extent as if he were injured while actually boarding, riding on, or alighting from the truck."
The field of law involved is peculiarly one in which each case must stand on its own bottom, Sweat v. Allen, 145 Fla. 733, 200 So. 348, and the precise facts and circumstances here disclosed have not confronted us before. With due regard to the presumption which we must observe in favor of a ruling which has already had the approval of two reviewing bodies, can we say that it was error to hold that the claimant was covered by our Workmen's Compensation Law when injured? The question is a close one. While recognizing that none of the following cases is exactly in point, the Deputy Commissioner based his decision that the crossing of the highway by the claimant was an "incident of the transportation provided by the employer", and covered by the Act, upon the "general theory" of Markoff v. Emeralite Surfacing Products Co., 190 Minn. 555, 252 N.W. 439; Cole v. U.S. Fidelity and Guaranty Company, La. App., 6 So.2d 192; Flanagan v. Webster & Webster, 107 Conn. 502, 142 A. 201; Reeves v. Liberty Mutual Insurance, D.C. Tex., 50 F. Supp. 772; Radermacher v. St. Paul City Railway Co., 214 Minn. 427, 8 N.W.2d 466, 145 A.L.R. 1027; Howes v. Stark Bros. Nurseries & Orchard Company, 223 Mo. App. 793, 22 S.W.2d 839; Scott v. Willis, 150 Va. 260, 142 S.E. 400; Ward v. Cardillo, 77 U.S.App.D.C. 343, 135 F.2d 260; and Sihler v. Lincoln Alliance Bank & Trust Co., 280 N.Y. 173, 19 N.E.2d 1008. To this list might be added Owens v. Southeast Arkansas Transp. Co., 216 Ark. 950, 228 S.W.2d 646.
Appellants, in their affirmative argument, place their principal reliance upon Kostyum v. F.C. Sheldon Slate Co., 259 N.Y. 515, 182 N.E. 160; Dellepiani v. Industrial Accident Comm., 211 Cal. 430, 295 P. 826; and State Highway Commission v. Saylor, 252 Ky. 743, 68 S.W.2d 26.
Study of the cases relied upon by the parties indicates that the courts, in resolving questions of coverage similar to that which confronts us, have directed their attention to two focal points, namely, whether or not the transportation furnished by the employer can be considered incident to, or a part of, the employment contract and whether or not the occurrence of the accident was, in turn, incidental to such transportation. We will consider these two points in the order stated.
Perhaps the most enlightening discussion of the first point is found in the case of Ward v. Cardillo, supra, 77 U.S.App.D.C. 343, 135 F.2d 260, whose value as a precedent is increased because it arose under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., from which our Workmen's Compensation Law was evolved, Royer v. U.S. Sugar Corp., 148 Fla. 537, 4 So.2d 692. In the Cardillo case, the employee was injured while crossing the highway to his employer's truck, which was then pulling off the highway to pick up the employee and transport him to work. In holding the injury to be compensable, the court gave due consideration to the fact that the employer had agreed to furnish transportation to the employee in lieu of a raise in pay which the latter had requested. The court pointed out that although as a general rule injuries sustained by employees while going to or returning from work are not covered by the Act, Voehl v. Indemnity Insurance Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, and see Sweat v. Allen, supra, 200 So. 348, a well-recognized exception to the rule exists when the employer provides transportation as a part of the employment contract. On this point see also 58 Am.Jur., Workmen's Compensation, Sec. 218, and Supplement.
Appellants seek to distinguish the Cardillo case upon the ground that there the transportation was incidental to the employment contract, while here the employer furnished *105 transportation "for his own convenience and best interest, but without any express or implied agreement with his employees to do so." It will be noted that as they phrase the question for adjudication they refer to the transportation as "free transportation". The Deputy made no square finding upon this issue, but found that the truck stopped to pick up the claimant "in accordance with custom". The only testimony on the point was furnished by one Gunn, the employer's truck driver, called as the claimant's witness, who, after stating that some of the employees drove to work in private cars, testified on direct examination as follows:
"Q. Now do you know why then the transportation was furnished by Povia? A. Because some of them didn't have any way to go. In other words, it is the custom for each concern to furnish it, if you require it.
"Q. And under the circumstances, it was necessary for Mr. Povia, or for Povia Farms to furnish that transportation? A. Yes, I suppose so.
"Q. Did Mr. Velez know that you would be there on that certain morning to pick him up? A. Yes, sir, I suppose he did. I always come every morning."
On cross-examination the same witness testified as follows:
"Q. Had you ever had any contracts, expressed or implied, or any understanding with this injured man, that you would transport him from his home to the farm? A. No, sir.
"Q. Just that you would transport him from some place there at Whiskey Creek to the various farms? A. Yes, sir."
Considering the foregoing testimony with the other facts of the case, it was established that the transportation was customarily furnished by the employer for those employees who did not have other transportation available, and an understanding existed between employer and employee that the truck would be at the loading point, or in the general loading area, at a reasonably certain time in the morning of a working day. The Whiskey Creek area was a mutually convenient loading place, and we find no real significance in the fact that the understanding did not comprehend transportation from the home of each employee to the farms, since evidently the majority of them, including the claimant, lived nearby. On this issue, therefore, the case appears to be sufficiently close to Southern States Mfg. Co. v. Wright, 146 Fla. 29, 200 So. 375, to be controlled thereby, in that the employment here, as in the Southern States case, "contemplated the incident of" being transported to and from work, and we hold accordingly that the transportation was incidental to the employment, in that it must be implied, from the actions of both parties, that transportation was considered a part of the employment contract.
We turn next to the second point we must consider, namely, whether or not the occurrence of the accident was incidental to the transportation furnished by the employer. Although this issue is difficult to resolve because it poses the question of where the outer edge of the cloak of coverage must fall, we do not intend to lay down a broad principle herein, but rather we shall, as we must, restrict the scope of our inquiry and the force of our decision to the peculiar facts of the case before us. The Deputy found that the truck stopped and parked off the west side of the road to pick up the claimant, who lived on the opposite or east side of the road. We are persuaded, as was the majority of the Supreme Court of Connecticut in Flanagan v. Webster & Webster, supra, 142 A. 201, 204, that this was an invitation to the claimant "to board the truck at this time and place, given by the driver of the truck who was acting in behalf of his own and the [claimant's] employer", and that "[i]t was therefore as effective as if the employer himself had then ordered the [claimant] to board the truck". We must also acknowledge the persuasiveness of the reasoning in the Flanagan case, supra, and in Ward v. Cardillo, supra, 135 F.2d 260, when we hold, as we do, that the coverage *106 of the Workmen's Compensation Law commenced in this case from the moment the claimant began to cross the highway to board the truck which had stopped for him, since he was engaged, as least from that time forward, in an attempt to fulfill an order of his employer.
We are convinced that the action of the Deputy under the facts of this case was well supported by reason and authority, and the judgment appealed from is accordingly affirmed.
ROBERTS, C.J., and TERRELL, SEBRING, MATHEWS and DREW, JJ., concur.
THOMAS, J., dissents.