175 So.2d 36 (1965)
Alice Dorothy SWARTZER, Petitioner,
v.
FOOD FAIR STORES, INC., and the Florida Industrial Commission, Respondents.
No. 33355.
Supreme Court of Florida.
May 12, 1965.
*37 Nichols, Gaither, Beckham, Colson & Spence, Lloyd W. Jabara and Robert Orseck, Miami, for petitioner.
Dean, Adams & Fischer, Joseph Anthony Reinert, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
PER CURIAM.
We are asked to review an order of the Full Commission which affirmed an order of the deputy denying claimant's claim for death benefits under the Florida Workmen's Compensation Act. The facts were stipulated:
Plaintiff's deceased husband had been employed by Food Fair Stores, Inc., in a store located within two miles of his home. His employer wanted to transfer him to a store twenty miles away and the employee agreed only upon the condition that the employer pay him his transportation costs which he estimated as $5.00 per week. The employer accepted this proviso and thereafter he received $5.00 per week out of petty cash with the receipts labelled "gas allowance, week ending ____" or "transportation, week ending ____". No deductions for social security or withholding were made from these amounts. The employee was killed in a train-car crash while driving from the store to his home on his regular route.
The deputy held that these facts were not within any exception to the "going and coming" rule and denied the claim. The Full Commission affirmed.
The rule for determining whether or not the particular facts of a case bring it within the going and coming rule or make it an exception thereto was laid down for this jurisdiction by Southern States Mfg. Co. v. Wright,[1] wherein we said:
"Generally it appears that the employer's liability in such cases depends upon whether or not there is a contract between employer and employee, express or implied, covering the matter of transportation to and from work."[2]
Once an obligation to furnish transportation is demonstrated, by whatever means satisfied, then "[t]he hazards of the highway [are] inherent"[3] in the contract of employment and claims arising therefrom are compensable as arising out of and in the course of the employment.
*38 Applying the rule to the facts presented by the instant case, we find a specific contract. The employer agreed to and actually did pay the employee's transportation costs in exchange for the employee's transferring to a store twenty miles away. There was a clear meeting of the minds of the competent parties and a valuable consideration to each. The matter of transportation was the keystone of the contract for the employee's salary remained the same. It is a matter of no moment that the agreement was to pay the cost of the employee's transporting himself in his own car rather than furnishing him with a ride in the employer's vehicle.[4]
The argument advanced by the employer in this case is based upon language taken from the opinion in Jacksonville Coach v. Love (1957) Fla., 101 So.2d 361, to the effect that the contract did not subject the claimant to the control of the employer in his journey to and from work and did not extend the coverage of the act to such journey. From this the employer deduces a rule that there can be no coverage where the employer does not control the actual transporting. This is not a legitimate deduction from Jacksonville Coach. There the employer was a bus company which had entered into a contract with the union which included among the fringe benefits of employment the right of employees and their wives to ride free on any of the company's buses at any time. We held that from this no contract to transport the employees to and from work could be inferred. The gratuity furnished was not directed toward transporting the worker to his place of employment and the fact that the worker might utilize it for this purpose could not make it into an obligation of the employer to this end.
The phrase "control of the employer" as employed in Jacksonville Coach was a term of art rather than having the literal meaning of actual, physical control. This is made clear in the portion of the opinion discussing the Povia case:[5] "In the Povia case * * * it was logical to conclude therefrom that the employer had, either expressly or impliedly, agreed to transport the employee-claimant to and from work. It reasonably followed that the employer had extended his control and direction over the employee to include the journey to and from work, and had simultaneously so extended the coverage of the Act."
When the parties to an employment contract agree that transportation is to be furnished by the employer to the employee, either directly or indirectly, the employee has come within the ambit of that contract when the transportation begins and this is when the employer's "control"  which is really a right to control, whether exercised or not  begins.
This concept has been well-expressed in Jett v. Turner (1926) 215 Ala. 352, 110 So. 702:
"While the employee is being transported by the employer pursuant to the contract of employment it cannot be questioned they have entered upon the day's work wherein mutual duties of employer and employee are presently being performed. The pay of the employee has begun, not in wages, but in service incident to the mutual relationship created by the contract; the hazard of the moment is directly due to the relation of employer and employee; he is at a place where he is called upon to be, where of right he may be in the performance of contractual duty."
Certiorari is granted, the orders of the Full Commission and deputy commissioner *39 are quashed with directions to enter an order allowing compensation in accordance with the provisions of the act.
DREW, C.J., and THORNAL, ERVIN and HOBSON (Retired), JJ., concur.
ROBERTS, O'CONNELL and CALDWELL, JJ., dissent.
NOTES
[1] (1941) 146 Fla. 29, 200 So. 375.
[2] This rule is also the rule approved by most authorities. See 8 Schneider, Workmen's Comp. § 1741 et seq.; 58 Am.Jur., Workmen's Comp. § 219.
[3] Lee v. Florida Pine & Cypress (1963) Fla., 157 So.2d 513.
[4] Blount v. State Road Department (1956) Fla., 87 So.2d 507; Cardillo v. Liberty Mutual Ins. Co. (1946) 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Williams v. Travelers Ins. Co. of Hartford, Conn. (1944) La. App., 19 So.2d 586; Texas Employer's Ins. Ass'n v. Inge (1948) 146 Tex. 347, 208 S.W.2d 867.
[5] Povia Bros. v. Velez (1954) Fla., 74 So.2d 103.