228 So.2d 898 (1969)
John E. HUDDOCK, Petitioner,
v.
GRANT MOTOR COMPANY, Corporate Group Service, Inc., and the Florida Industrial Commission, Respondents.
No. 38734.
Supreme Court of Florida.
December 3, 1969.
*899 L.C. Schowe, of Riley, Davis, Schowe & Saltsman, St. Petersburg, for petitioner.
Martin J. Jones, of Earle, Jones & Chambers, St. Petersburg, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
DREW, Justice.
Petitioner, a workmen's compensation claimant, seeks reversal of an Order of the Full Commission which in part reads as follows: "The sole question for our solution on this appeal is whether or not the claimant was injured in an accident arising out of and in the course of his employment." The Full Commission then determined that the Judge of Industrial Claims was correct in holding that under the facts as found by him, claimant was injured in an accident which did not arise out of and in the course of his employment. It affirmed the Compensation Order of the Judge of Industrial Claims, which deals with many other facets of the litigation including the extent and nature of injuries, attorneys fees and other matters common to these cases. Although in disposing of the Application for Review the Full Commission dealt only with the question of whether claimant was injured in an accident arising out of and in the course of his employment, it is conceded that claimant did not abandon the five additional grounds for review on the basis of which he sought reversal of the Judge's Compensation Order. It is therefore obvious that in light of our finding that the Full Commission was in error, this case should be remanded to the Full Commission to pass upon the other points raised and argued before it in the original Application for Review.
The employer argues that there is competent substantial evidence to support the findings of fact of the Judge of Industrial Claims and that, therefore, his order should be approved.[1] With this basic contention we do not agree. The material facts essential to a determination of whether the employee was injured in an accident arising out of and in the course of his employment are not in dispute. The question of coverage, then, is one of law.[2]
There is some dispute as to whether the original employment contract between claimant, a used car salesman, and his employer, a used car dealer, included the furnishing of an automobile for transportation to and from claimant's home. The record undisputably establishes the fact that some weeks after the contract of employment was entered into, the employer authorized claimant's use of a used car for his travel to and from work each day. The employer also furnished daily a fixed quantity of gasoline for such purpose.
It has long been established in Florida that when an employer agrees in the original employment contract to provide an employee transportation to and from his place of employment, an injury to the employee which occurs while he is being transported in compliance with the agreement is considered to have arisen out of and in the course of his employment.[3] Transportation of an employee between his home and place of employment may become *900 an incident to and part of a contract of employment, even though it is not included in the initial employment contract, under the following well established principle:[4]
"The general rule is that injuries sustained by a workman while going to and returning from his place of work are not considered as arising out of and in the course of his employment. But, injuries sustained by the workman while he is provided with transportation when going to or returning from his work are considered as arising out of his employment when such transportation is the result of an express or implied agreement between the employer and his workman or when it has ripened into a custom to the extent that it is incidental to and part of the contract of employment, or when it is with the knowledge and acquiescence of the employer, or when it is the result of a continued practice in the course of the employer's business, and which practice is beneficial to both the employer and employee."
Whatever may have been the original understanding, it is clearly established that the subsequent transportation arrangement benefited both the employer and claimant. The employer had established a regular custom and practice of daily assigning a used car to claimant as well as to all other salesmen for travel to and from work. Under these circumstances, we hold that claimant's injury falls within the above exception and is compensable under the Act.[5]
The questioned order of the Full Commission is quashed. The cause is remanded to the Full Commission for further consideration of the undisposed points presented in the original Application for Review, entry of an appropriate order in accordance with views here expressed and such determination as the Full Commission may make of such undisposed of questions.
It is so ordered.
ERVIN, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
NOTES
[1] United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951).
[2] Rainbow Poultry Co. v. Ritter Rental System, Inc., 140 So.2d 101 (Fla. 1962); Boyd v. Florida Mattress Factory, Inc., 128 So.2d 881 (Fla. 1961).
[3] Southern States Mfg. Co. v. Wright, 146 Fla. 29, 200 So. 375 (1941).
[4] Nicolasi v. Sparagna, 135 N.J.Law 131, 132, 50 A.2d 867, 868 (1947). This well established exception has often been restated and applied to similar or analogous situations. See, e.g., Venho v. Ostrander Ry. & Timber Co., 185 Wash. 138, 52 P.2d 1267 (1936); Blankinship Logging Co. v. Brown, 212 Ark. 871, 208 S.W.2d 778 (1948); Rubeo v. Arthur McMullen Co., 117 N.J.Law 574, 189 A. 662, conformed to, 118 N.J.Law 530, 193 A. 797, affirmed, 120 N.J.Law 182, 198 A. 843 (1938); Taylor v. M.A. Gammino Const. Co., 127 Conn. 528, 18 A.2d 400 (1941); Saba v. Pioneer Contracting Co., 103 Conn. 559, 131 A. 394 (1925).
[5] Shepperson v. Mosher Bros., Inc., 253 App.Div. 852, 1 N.Y.S.2d 446 (1938). See Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla. 1965); Povia Brothers Farms v. Velez, 74 So.2d 103 (Fla. 1954). See, generally, Southern States Mfg. Co. v. Wright, 146 Fla. 29, 200 So. 375 (1941); Jett v. Turner, 215 Ala. 352, 110 So. 702 (1926); and Owens v. Southeast Arkansas Transp. Co., 216 Ark. 950, 228 S.W.2d 646 (1950).