ERVIN, Justice.
Petitioner Mrs. Dorothy Grillo, a workmen’s compensation claimant, seeks review of an Industrial Relations Commission *14 Order affirming the Judge of Industrial Claims decision that she was not injured in an accident arising out of the course and scope of her employment. We find that she was, and that as a matter of law her injury is compensable.
Petitioner was employed by Respondent Gorney Beauty Shops Company as an assistant to the vice-president, Harold Gorney, and as a traveling supervisor. She originally operated in the corporation’s New England District, however at her request she was transferred to the Southern District. In October 1968 she moved her residence to Miami, Florida. She made business trips that month to several Florida cities as well as to New Orleans and New York.
Around the sixth of November she was sent to Charlotte, North Carolina, to supervise the opening of two new beauty shops. From that time until her accident on December 22, 1968 she remained in Charlotte during the week; however she flew to Miami each week-end to be with her husband. Gorney Beauty Shops paid for all but one of these week-end trips.
In December, Mr. Gorney told Mrs. Grillo that she could help out in the Miami shop and spend Christmas in l$iami with her husband if she were to come to Miami at least a week before Christmas; however, according to Gorney:
“ * * * I said anything short of a week wouldn’t do us any good. I said, ‘It was just useless to even think about it.’ Then she said to me, ‘I don’t think I am going to Miami. I may spend Christmas holidays here in Charlotte with my mother.’ ”
Mrs. Grillo worked in one of the Charlotte shops until 5:30 p. m. December 21. The following morning she left for Miami in an automobile driven by one of her stepsons. She was injured in an accident in South Carolina and is completely paralyzed from the neck down and unable to do anything but talk.
The employer/carrier paid her medical bills for over a year after the accident, however prior to the hearing they terminated payments.
Following the hearing on Petitioner’s claim, the Judge of Industrial Claims found for Respondents, holding that:
“ * * * the automobile accident of December 22, 1968, did not arise out of the course and scope of her employment with Gorney Beauty Shops since Claimant was traveling home for the Christmas holidays and not to work the Miami store, therefore, she was on a frolic of her own.” *
In a 2-1 decision, the Industrial Relations Commission affirmed. We disagree.
In her Petition for Writ of Certiorari, Petitioner raises many questions. We only need to consider one: whether a traveling supervisor who is injured while returning from her employer’s place of business in North Carolina to her home in Florida is traveling in the course of her employment. We find that in the instant case she was.
Generally, accidents occurring when an employee is “going to” or “coming from” work are not compensable. (Blount v. State Road Department, Fla.1956, 87 So.2d 507). There are exceptions, however, to this rule. In Swartzer v. Food Fair Stores, Inc., Fla.1965, 175 So.2d 36, 37, this Court said:
“The rule for determining whether or not the particular facts of a case bring it within the going and coming rule or make it an exception thereto was laid down for this jurisdiction by Southern States Mfg. Co. v. Wright (1941, 146 Fla. 29, 200 So.2d 375), wherein we said:
‘Generally it appears that the employer’s liability in such cases depends upon whether or not there is a contract between employer and employee, express or implied, covering the matter of transportation to and from work.’ *15 “Once an obligation to furnish transportation is demonstrated, by whatever means satisfied, then ‘[t]he hazards of the highway [are] inherent’ in the contract of employment and claims arising therefrom are compensable as arising out of and in the course of the employment.”
There were no written contracts between Mrs. Grillo and Gorney Beauty Shops; all contractual arrangements were made orally. The evidence however supports our conclusion that there was an implied contract to furnish transportation between North Carolina and Florida even when Mrs. Grillo traveled South for personal purposes.
At the hearing Mrs. Grillo testified that: “My plane fare was always taken care of, plane tickets — they were always paid, tolls, gas and all rental cars.”
Furthermore, she stated that the beauty shop company provided an American Airlines credit card “so that I could fly or rent a car at any time.” As far as the week-end trips to Miami, Mrs. Grillo testified that Mr. Gorney felt, at first, that the company should not pay those bills. However, according to Petitioner “he agreed to it,” and “when I sent my reports in, I would always get my money back and they never refused to pay my plane fare.” That the company considered Mrs. Grillo to be acting in the scope of her employment when she traveled is evident from the following responses to Question 18 on the Standard Form for Employer’s First Report of Injury, Claimant’s Exhibit 9.
“18. (a) No. hours worked per day 7 days per week when on the road . (b) Wages per day.(c) same as (a) No. days worked per day. (d) If board, lodging, fuel or other advantages were furnished in addition to wages, give estimated value per day, week expense account for expenses or month . when on the road
A traveling employee’s time on the road is an integral part of his employment. Even if Mrs. Grillo had not been compensated for her trips between Miami and the company’s shops, she should be allowed workmen’s compensation benefits for injuries arising from such travel. It has been said that it is a “well-settled rule that traveling men are generally within the course of their employment from the time they leave home on a business trip until they return, for the self-evident reason that travel itself is a large part of the job.” (1 A. Larson, Workmen’s Compensation Law, 251, § 16.00 [1968]).
As a traveling supervisor, Mrs. Grillo should fall within this rule, and she should be covered by workmen’s compensation for any injuries suffered while on the road unless there is an affirmative showing by the employer that it did not intend to provide her with transportation and that it did not consider her to be working when she was not actually in a beauty shop in a supervisory capacity. Since the evidence shows that she was provided with transportation and the employer considered her to be acting within the scope of her employment while traveling, we find that she should receive workmen’s compensation benefits for injuries resulting from the December 22, 1968 accident. The alleged attempt to restrict Mrs. Grillo from returning from Charlotte to her home in Miami for Christmas by specifically conditioning her return on that particular occasion that only if she came a week early and worked in- the Miami Beauty Shop seems to be an afterthought or contrivance to avoid responsibility for her injury and wholly exceptional and out of keeping with the general agreement with her by the company that the costs of her trips home from her duties as traveling supervisor would be reimbursed by the company.
Certiorari is granted and the orders of the Full Commission and deputy commissioner are quashed with directions to enter *16 an order allowing compensation m accordance with the provisions of the workmen’s compensation act.
ROBERTS, C. J., and CARLTON, McCAIN and DEKLE, JJ., concur.