In the Matter of the Claim of EARL HEATH, JR., Respondent, against MARSHALL RICHARD and UTICA MUTUAL INSURANCE COMPANY, Appellants. STATE INDUS-TRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board. The claimant was employed for the purpose of disinfecting barns and stables occupied by cattle which had been subjected to a tuberculin test. By the middle of the afternoon claimant had disinfected several barns, and went back to his employer to get further instructions, due to the fact that owners liked to have the barns disinfected early in the day so that they would dry out before the cattle were stabled for the night. Claimant found the employer was not at his office but at his sawmill, some distance away; he went to the sawmill to talk with the employer and, while waiting to address the employer, and in his presence, the belt of the saw broke and injured claimant. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of COMMISSIONER OF TAXATION & FINANCE on Account of the Death of ELIZABETH SIMMONS, Deceased, Respondent, against THE BARCLAY REALTY COMPANY and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award under the Workmen's Compensation Law on account of the death of Elizabeth Simmons, deceased. This award is contested on the ground that the accident was caused by decedent's use of an instrumentality which the employer had forbidden her to use, and hence did not arise out of her employment. Decedent was an elevator operator, and, shortly before quitting time, used the elevator which she had been operating during the day to go to the fourth floor of the building for the purpose of removing her uniform and putting on her street clothes. Shortly thereafter she was heard to scream, and was found caught between the door of the car and the fourth floor, with the starting lever of the car in the down position. Appellant contends that in using the elevator to go to the fourth floor on this occasion she disobeyed her employer's rules, and that she further violated a rule against starting the car and then attempting to leave the car when it was in motion. Going to the fourth floor for the purpose of changing her clothes was not forbidden, even if it be assumed that the means which she used and the manner of using it was. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.