In the Matter of the Claim of SUZANNE CLYNES, Respondent, against DOBLER BREWING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 16, 1954.

*Kenneth J. Dugan* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow and minor child of a deceased employee.

Decedent was killed in an automobile accident. The sole issue on appeal is whether his accidental death arose out of and in

the course of his employment. He was employed by a brewing company as an outside salesman, mainly to call upon customers to maintain good will, to encourage the sale of the employer's beer, and to solicit new business. Ordinarily he did not take orders from established customers for either draft or bottled beer. He was assigned, according to the testimony of his superior, a definite territory embracing a part of Albany, Watervliet and Green Island. On his route work he used his own car, for which he was allowed $60 a month; and he was paid a fixed salary with no commissions, but certain of his expenses, other than the allowance for his car, were paid by the employer.

On the day of the accident decedent was given permission by one of the employer's executives to take his car to the village of Nassau and leave it there to be repaired. The village of Nassau is in Rensselaer County and not within the route territory assigned to decedent. A coemployee was directed to follow decedent in another car for the purpose of bringing him back to Albany where a company car was available for him to use on his route.

Decedent and his coemployee arrived at Nassau about noon. The garageman said he would fix decedent's car that afternoon if he wasn't too busy. With that indefinite assurance they decided to wait, and during the course of the afternoon they used the coemployee's car to visit four taverns or hotels where beer was sold. The manager of one establishment said that decedent solicited and obtained from him an order for ten cases of bottled beer. The proprietor of another place said decedent urged him to forget his differences with the salesman assigned to that territory and to purchase more of the employer's product. Close to 6:00 P.M. they returned to the garage at Nassau, and found that decedent's car had not been repaired. The coemployee started back for Albany in his own car which had in it decedent's coat and wallet. Decedent followed in his car and a short distance outside of Nassau he met with the fatal accident. The board found that he was proceeding either to his home or to Albany. He lived at Morey Park, some two miles north of the village of Nassau.

Decedent was an outside worker and was at Nassau with the permission of his employer. Those facts, standing alone, would ordinarily indicate coverage. Appellants however argue very vigorously that decedent violated his instructions by failing to return to Albany with his coemployee immediately after leaving his car at the garage in Nassau, and hence abandoned his employment. They assert that he had no right to visit or solicit

any hotels or taverns in Rensselaer County; and no authority whatever to take orders for bottled beer. They also point out that he had passed the nearest road to his home when he met with the fatal accident; and that if he intended to go to Albany it must have been on a personal errand for the brewery was closed at that hour. The case gave the compensation authorities some difficulty, for the referee disallowed the claim and one member of a three-member panel of the board dissented from the award. The very closeness of the decision is some portent that conflicting inferences may be drawn from the proof.

As frequently happens in this type of claim the evidence and the inferences to be drawn therefrom are neither all black nor all white. Thus it could be found that decedent had once solicited, with the acquiescence of the employer, at least one customer in the county of Rensselaer and outside of his territory. It could also be found that salesmen occasionally took orders for bottled beer and sent them to the employer, which in turn relayed them to a distributor. In the light of these facts the appellants did not sustain any rigid or ironclad rule in these respects that decedent violated.

Since decedent was dead the explanation of why he and his fellow employee remained at Nassau for the afternoon had to come from the lips of the latter. His explanation was simple: since there was a prospect of getting decedent's car repaired that afternoon they decided it would be just as well to wait and avoid another trip the following day. The board, of course, had the right to give credence to that explanation, indeed it might have inferred it without the testimony of the coemployee.

The case therefore may logically be found to fall within the category of alleged misconduct relating to the method of accomplishing a work objective that of itself was a valid one. The objective was the repair of decedent's car so that he could use it in his route duties. Misconduct of the character complained of related to method only and therefore was not a deviation from employment as a matter of law (1 Larson on Workmen's Compensation Law, §§ 31.21, 31.22, and cases therein cited). Of course if the objective itself had been contrary to the employer's order a very different situation would be presented.

The ultimate conclusion that decedent had not separated himself from his employment is also buttressed by the fact that a large part of his activities on the afternoon in question was devoted to the interests of his employer. Moreover it was not claimed that either he or his coemployee was intoxicated. Under all the circumstances we think it was within the power of

the board to find that the fatal accident arose out of and in the course of decedent's employment.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, HALPERN, IMRIE and ZELLER, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.