■ In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE, on Behalf of the Vocational Rehabilitation Fund and the Fund for Reopened Cases, et al., Respondents, against HOTEL WALDORF ASTORIA CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a decision and · award by the Workmen's Compensation Board allowing $2,000 to the special funds, for the accidental death of the deceased employee, and awarding funeral benefits. The only issue arises upon appellants' contention that the accident did not arise out of and in the course of the employment but occurred during a deviation therefrom resulting from the alleged violation of a rule of the employer prohibiting an elevator operator from leaving his elevator unattended without the permission of the elevator starter or supervisor. After the accident decedent's elevator was found at the third floor level with the shaft door closed. Decedent's purpose in going to the third floor is not known. He was not seen to leave the car, which apparently he did without express permission, but was first observed while taking a knife or other piece of silverware from a cafeteria, some twenty-five feet distant from his elevator, then using the silverware to open the door to the elevator shaft next to that of his own car and stepping or slipping into the shaft so that he fell to his death. A rule posted in each elevator provided that " Operators must not leave the car unattended unless shaft doors are closed and locked and no passengers are in the rear ". Decedent did not violate this particular rule. There was oral evidence of a rule requiring any operator desiring to leave his car to notify the starter or supervisor and give his reason whereupon the operator would be relieved or the car held during his absence. A rule similar to that here testified to was proved in *Matter of Baird* v. *Barclay Park Corp.* (243 App. Div. 841) where an award was affirmed upon proof of frequent and notorious violations of the rule, several times directed by the elevator operators' superior. While the proof here was not that strong, respondents urge that the board could properly determine whether credible proof of known and excused violations of the supposed rule so far vitiated its effect as to leave unrebutted the presumption to which claimant was entitled under section 21 of the Workmen's Compensation Law. However, we sustain the award upon a ground less narrow. The rule did not, and of course could not, prohibit the operator from leaving his car under any and all circumstances. It required merely that before doing so he notify his superior, so that he might be relieved or his car held. Therefore, his disobedience, if such it was, related only to the method of doing his employer's work and did not constitute a deviation from it

as a matter of law. (*Matter of Clynes* v. *Dobler Brewing Co.*, 285 App. Div. 72, affd. 308 N. Y. 1022; *Matter of Commissioner of Taxation & Finance* v. *Barclay Realty Co.*, 253 App. Div. 849.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.