TERRELL, Justice.
This is a workmen’s compensation case that grew out of these facts: The employer, Florida Pine & Cypress, was a citizen of Bainbridge, Georgia, but owned a timber business at Sopchoppy in Wakulla County, Florida, about seventy-five miles from Bain-bridge. The petitioner, Harmon Lee, was one of about a dozen employees of respondent Florida Pine & Cypress, who lived in Bainbridge but worked at Sopchoppy and as part of their contract of employment were conveyed to Sopchoppy every Monday morning and returned to Bainbridge Friday of each week.
October 4, 1961, the regular bus left Sopchoppy Wednesday afternoon carrying a majority of the employees to Bainbridge, the reason being that the sawmill was shut down for the week. The petitioner and two other employees, Jesse Leverett and *514 Jesse Williams, remained at Sopchoppy ■cutting logs in order that there would be sufficient logs on hand for the mill to work Monday morning.
About noon Friday, October 6, 1961, petitioner and the said two employees came out of the woods where they were cuttings logs. They expected to catch one of the employer’s lumber buses or trucks which was returning from down the state by way of Sopchoppy and would pick them up and transport them to their home in Bainbridge. For some reason, unknown to the said employees, the lumber bus did not reach Sop-choppy on Friday afternoon. The three employees loafed around Sopchoppy until late in the afternoon when Jesse Leverett, a white employee of the respondent, took one of the log trucks of the employer to make the trip to Bainbridge. He asked the claimant and Jesse Williams if they wanted to make the trip with him. About 5:30 P.M. the log truck was involved in an accident in which Jesse Williams was killed and the claimant was so badly injured that he was bedridden and paralyzed at the time of the hearing January 9, 1962.
After taking testimony and hearing arguments herein, the deputy commissioner found that the employee Jesse Leverett was driving the log truck without permission of the employer. The deputy commissioner further found:
“It was generally understood by all employees that the log trucks were not to be used, although the claimant, according to his testimony which I accept, had never been told by the employer not to ride on the log trucks. (DCO page 2 (T-16) * * *
“7. However, on the other hand, I find as a fact that it has not been shown that the claimant knowingly violated any definite instructions not to ride the log trucks. I find that the claimant did not knowingly violate any safety rule or any other definite instructions not to be a passenger on the vehicle in the event it was in fact making a trip to Bainbridge.” (DCO, page 4)
After full hearing in addition to the foregoing findings, the deputy commissioner found and decreed that the claimant’s injuries did not arise out of and in the course of his employment. On appeal to the full commission the order of the deputy commissioner was affirmed on the theory that it was supported by competent substantial evidence. We are confronted with an appeal by certiorari from the order of the full commission. ■
Counsel do not agree on the statement of the questions that arise from this factual complex. The petitioner states his first question as follows:
“Is a Negro logger working in Wakulla County, who resides in Bainbridge, Georgia, and is regularly furnished transportation to and from his work, barred from workmen’s compensation benefits under the act when he is injured while returning home on one of the employer’s trucks, which is being driven by a fellow employee truck driver without permission of the employer, but which fact is not known to the claimant?”
The record shows that transportation from Bainbridge to Sopchoppy in Wakulla County was a part of petitioner’s employment contract with the employer. The injury complained of took place as petitioner was being transported from Sopchoppy to Bainbridge. Was the deputy commissioner correct in holding that the petitioner’s injuries did not arise out of and in the course of his employment? Petitioner contends that this question should be answered in the negative and relies on 58 Am. Jur., § 218, p. 725, as follows to support his contention:
“WHERE EMPLOYER PROVIDES TRANSPORTATION.- — As an exception to the general rule that an employee is not in the course of his employment while going to or returning *515 from his work, it is generally held that where transportation to or from work is furnished by the employer as an incident of the employment, an accidental injury sustained by the employee while being transported arises out of and in the course of the employment * *
Petitioner further contends that the principle of workmen’s compensation law so quoted has been incorporated into the law of this state by Southern States Mfg. Co. v. Wright, 1941, 146 Fla. 29, 200 So. 375, where the court said:
“The question to be determined is, Did the injury arise out of and in the course of the employment?
“[1] While, as stated, the employee was paid by the hour, he was the regular employee of the employer and under the agreement of employment it was at least his implied duty to take advantage of the conveyance arranged for by the employer and thus go to the place where actual work was required to be performed. His employment contemplated the incident of being transported, as stated, to and from work. Terms of a contract may be implied from the actions of both of the parties and considered as adopted by them as a part of the employment contract. * * *
“[2] Generally it appears that the employer’s liability in such cases depends upon whether or not there is a contract between employer and employee, express or implied, covering the matter of transportation to and from work. * * *
*' ⅜ * * * *
“[3] So, in this case where the employer required the services of the employee in its milling plant at Bonifay, and as an incident to procuring such services there, arranged for the transportation of the employee on the employer’s truck to and from Marianna, the place where the employee lived, to and from Bonifay, there existed an implied, if not expressed, contract that the employer would provide such truck for such transportation and that the employee would use such truck for such transportation under whatever terms were agreed upon. Such transportation so had, received and used was an incident to the employment and was exercised in the furtherance of the employment.”
Povia Bros. Farms v. Velez, Fla.1954, 74 So.2d 103, supports this view.
Since we hold that Southern States Mfg. Co. v. Wright, 200 So. 375, supra, allies this state with the law as expressed in § 218 of 58 Am.Jur., supra, the deputy commissioner was in error in finding and decreeing that the claimant’s injuries did not arise out of and in the course of his employment. Then it follows that the full commission was in error in affirming the order of the deputy commissioner on the theory that it was supported by competent substantial evidence, there being no question that transportation from Bainbridge to Sopchoppy and return was a part of the contract.
In Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028, the court, among other things, said:
“ * * * where the employer has promised to provide transportation to and from work, the compensability of the injury is in no way dependent upon the method of travel which is employed. From the statutory standpoint, the employer is free to carry out its transportation obligation in any way the parties desire; and the rights of the employees to compensation are unaffected by the choice made. * * * ”
The hazards of the highway were inherent in claimant’s contract and his work exposed him to these dangers but his contributory negligence is not a bar to recovery, *516 except as provided in subsection (3) of § 440.09, Florida Statutes, F.S.A., and there is no showing here that any of the grounds named therein are available to the employer.
Violation of a regulation of the employer may not be a deviation from employment as a matter of law. Commission of Taxation and Finance v. Hotel Waldorf Astoria Corp., 1 A.D.2d 858, 148 N.Y.S.2d 720. In this connection, it is pertinent to point out that if the lumber truck driven by a fellow employee had reached Sopchoppy on schedule, the petitioner had taken it and had been injured on the same route to Bainbridge, even if the same personnel had been involved, there would have been no question as to workmen’s compensation benefits. The same rule would have followed had he been on a labor bus or a labor truck.
The cleavage between counsel as to whether or not Southern States Mfg. Co. v. Wright, supra, rules the case at bar turns on their interpretation of the facts. The deputy commissioner denied petitioner’s claim for benefits solely on the ground that the employer’s control of the condition of transportation was the basis for his liability under the circumstances.
It appears from the record that there were three methods of transportation used by the respondent in its mill business at Sopchoppy — the labor bus, the lumber truck and the log truck. The general use of the log truck was to haul logs from the woods to the mill. It is clear that claimant was entitled to transportation under his contract with respondent from Sopchoppy to Bain-bridge on Friday, the date he was injured. The labor bus on which he was to travel returned to Bainbridge two days before Friday. Petitioner and the other two laborers involved in the accident spent these two days in the woods cutting logs for respondent’s mill. The lumber truck of respondent in south Florida was expected to return via Sopchoppy on Friday and pick up petitioner and his two companions but it failed to arrive as planned so said employees had m> way to return to Bainbridge as per their contract with respondent.
Respondent contends that relief should be denied because all transportation of men was by labor bus or lumber truck; they were never transported by log truck which was generally known. It was admitted that Leverett was an employee of respondent but that he did not have a Florida license to operate a motor vehicle and he did not have permission to drive the log truck. It is. further pointed out that Leverett returned to Bainbridge every Friday but claimant’s return was irregular; that Leverett was intoxicated and that he may have caused the accident but claimant did not know this and that the employer controlled the means-of transportation. There are other charges about the same weight and significance as these, but they will not be detailed here. In fact, we do not think any of them relieved the employer of its obligation to take the claimant to Bainbridge on Friday afternoon.
This is a workmen’s compensation case, a peculiar class of litigation. It was designed to accommodate the employer and' the workmen, to expedite claims and should be so construed and executed. When it is shown that a workman was injured in line of duty, as was done here, and has earned his pay, even though it be a trip home, the employer cannot raise such objections to paying as are raised here in the face of the deputy commissioner’s finding that claimant “had never been told by the employer not to ride on the log trucks” and that it was not “shown that the claimant knowingly violated any definite instruction not to ride the log trucks and that the claimant did not knowingly violate any safety rule or any other definite instructions not to be a passenger on the vehicle in the event it was in fact making a trip to Bainbridge.”
The employer was on notice that the claimant was in the woods cutting logs in order that its mill could function Monday and that he would be entitled to transporta *517 tion to Bainbridge on Friday. It did not furnish the transportation to Bainbridge for reasons that the deputy commissioner found the claimant knew nothing about. It now declines to pay workmen’s compensation for the same reason. If the payment of workmen’s compensation is permitted to work that way, the employer can find means to avoid many just claims. It is not contended that this is not a just claim; the contention is that claimant got on the wrong bus, that the driver did not have a Florida driver’s license, which the claimant knew nothing about. The driver was a co-laborer of claimant who was an illiterate Negro looking for a bus to go home.
Certiorari is granted and the judgment of the full commission is quashed, with directions to return the case to the deputy commissioner to enter an order consistent with this opinion.
DREW, C. J., and ROBERTS and THORNAL, JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.