286 So.2d 1 (1973)
Edgar R. WERT, Petitioner,
v.
TROPICANA POOLS, INC., and the Industrial Relations Commission, Respondents.
No. 43650.
Supreme Court of Florida.
November 14, 1973.
Rehearing Denied December 19, 1973.
Irvin A. Meyers, of Meyers, Mooney & Adler, Orlando, for petitioner.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for respondents.
ERVIN, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the Industrial Relations Commission which reversed an order of the Judge of Industrial Claims awarding compensation.
Petitioner-claimant Edgar Wert was injured in an automobile accident which occurred in Orlando on July 16, 1971. Wert's employer, Tropicana Pools, Inc., customarily provided through transportation for Wert to and from his home to work with its foreman, Claude Campbell, in a company truck as a part of his employment agreement.
After work on the day of the accident Wert rode with Campbell to the Windmill Bar in Orlando where Campbell wanted to linger in the bar to shoot some pool and drink beer, despite Wert's requests that Campbell take him on home as usual. *2 Upon Campbell's refusal to leave off shooting pool at the bar and continue on to Wert's home, Wert was offered and accepted a ride on home with James Meyers, also an employee of Tropicana. Wert and Meyers then proceeded in Meyers' automobile to the Citizens Bank to cash their paychecks received that afternoon and were continuing along the same route normally traveled by Wert and Campbell to Wert's home when the accident occurred.
The JIC found that Wert's accident was incidental to the transportation arrangement and that any deviation from employment when Wert and Campbell stopped at the Windmill Bar had ended upon Campbell's refusal to continue the trip as requested and when Wert started on his way home with Meyers, and thereafter Wert was not on a personal, private mission. The JIC also found that the stop at the bank was not a deviation from the route home because it was the usual custom for Wert and Campbell to stop there on their way home on paydays to cash their paychecks, and that the accident which occurred on Interstate Highway 4 between the Gore exit and the Kaley exit was of no consequence to the claim since both routes were readily accessible to Wert's residence. The JIC therefore found on the authority of Povia Brothers Farm v. Velez, 74 So.2d 103 (Fla. 1954), that Wert's accident and resulting injuries arose out of and in the course of employment with Tropicana, and on April 27, 1972 ordered temporary total disability benefits of $56 per week from July 17, 1971, continuing until Wert reaches maximum medical improvement, with interest thereon and attorney's fees.
On review the Commission reversed and dismissed the claim on March 23, 1973, saying:
"There is a generally accepted concept in Workmen's Compensation Law in this state that if it is an obligation of the employer to furnish transportation to an employee to and from work, then the hazards of the highway become inherent in the contract of employment and claims arising therefrom are compensable as arising out of and in the course of employment. The furnishing of transportation by the employer in such a situation is an exception to the `going and coming rule' which would normally preclude compensability. Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla. 1965). By the same token, when an employer furnishes transportation for the employee to the work site but the employee chooses not to use such transportation preferring to drive his own automobile and fails to get the required permission from the employer to drive his own automobile to the work site, then it has been held that the employee was driving his car for a personal motive and resulting accidents would not be compensable. Brown v. Winter Haven Citrus Growers Association, 175 So.2d 193 (Fla. 1965)... .
"We know of no authority ... which provides that an employee, who was injured while riding in the personal automobile of a fellow employee who had no authority to provide transportation and was not acting upon the behalf of the company and who is returning from a personal errand to cash his check at the bank, is entitled to compensation. The record in the instant cause indicates that the employer did customarily provide certain transportation to and from work to his employees. It is our opinion, however, that the transportation furnished to Edgar Wert was not transportation that was provided by the employer in this case. The injured claimant in this case requested and was offered a ride by a fellow employee who had no authority to act on behalf of the company in providing transportation to other employees; therefore, since the transportation which the claimant was using at the time of the accident was not provided by the employer there has been shown no connection existing between *3 the accident and the claimant's employment which would entitle the claimant to compensation for his injuries.
"In the instant case ... the key determining factor rendering the claimant's injuries not within the scope and course of his employment was the fact that the ride he received was not transportation provided by the employer."
We find that the Commission erred in reversing the JIC and in finding that Wert's injuries did not arise out of and in the course of employment, as required for compensation by F.S. Section 440.09, F.S.A.
The Commission did not fault the Judge's finding that there was an agreement between Wert and his employer whereby Wert would have transportation to and from work daily with the employer's foreman, Campbell, in a company truck. Nor did the Commission dispute the Judge's findings that the deviation from employment when Wert and Campbell stopped at the bar ended when Wert started home with Meyers, or that the stop at the bank was not a deviation from Wert's and Campbell's usual route home on paydays. The Commission rested its decision, however, merely on its technical finding that the ride Wert received was not transportation expressly provided or permitted by the employer and thus his injuries were not within the course and scope of his employment, citing as authority therefor Brown v. Winter Haven Citrus Growers Association, supra.
In Brown the claimant was at the employer's barn from which transportation provided by the employer was available, yet the claimant departed for work in his own automobile without seeking the employer's permission to do so when such permission was required. In the instant case the employer through its agent, Campbell, did indeed on the day of the accident provide Wert with his usual transportation, but only as far as the Windmill Bar. At that point Campbell deviated from the usual transit for his own pleasure and refused to proceed on the trip home despite Wert's requests for him to do so. This constituted a denial of the regular unprotracted transportation which the employer had agreed to provide. Left with no alternative upon Campbell's refusal, Wert then obtained a ride with Meyers. We think it hardly comports with reasonableness for an employee who desires to get on home from work to have to wait around in a bar while the person assigned to drive him indulges himself shooting pool and drinking beer.
The critical difference with Brown is the availability of employer-provided transportation that the claimant chose not to use therein, and the unavailability of the regular transportation purported to be provided by the employer in this case. Furthermore, unlike Brown, there is nothing in the record before us to indicate that the employer required its express permission for Wert to obtain transportation other than with Campbell. Even if such an obligation existed, it was waived by Wert's unavailing requests of Campbell to proceed on to Wert's home. The usual transportation was broken in transit, not by Wert but by Campbell's (the employer's agent) unwillingness to continue the trip as requested, which forced Wert to accept in lieu transportation or wait around in the bar until Campbell finished shooting pool, which under the circumstances was an unreasonable delay and imposition.
Similarly, in awarding compensation in Povia Brothers Farms v. Velez, supra, we held that where an employer furnished transportation for employees who did not have any other transportation available, the transportation furnished was an incidental element of the employment and an accident occurring to claimant therein was within claimant's scope of employment. See Southern States Manufacturing Company v. Wright, 146 Fla. 29, 200 So. 375 (1941). And we have held that a general understanding that all employees were not to ride on the employer's log trucks did not defeat the compensation rights of the *4 claimant, who was entitled to transportation by his employer, who had not knowingly violated instructions, and who was injured on the employer's log truck which was the only transportation available. Lee v. Florida Pine & Cypress, 157 So.2d 513 (Fla. 1963). The essential elements in the Velez and Lee decisions common to those at bar are that the employee was entitled to transportation provided by the employer and that no other transportation was available.
Therefore while we agree with the finding of the Commission that the ride home accepted by Wert during which the accident occurred was not the actual transportation provided by his employer, we cannot agree with the Commission that the claimant's injuries did not arise out of and in the course of his employment. Were we to deny compensation for injury under such circumstances, we would be encouraging an employer to deny the responsibility to provide his employees the transportation he has promised them and then be rewarding him by rejecting his liability for injuries arising out of his denial in a situation where the employee reasonably turns to in lieu transportation because of failure of the usual transportation agreed to be provided by the employer.
Thus we agree with the JIC that the employer-provided transportation herein was incidental to claimant Wert's employment; and we hold that the fact he accepted in lieu transportation which was not provided by his employer when employer-provided transportation was not reasonably available does not bar Wert's compensation claim for injuries arising therefrom. The reversal by the Commission is extremely technical and fails to take into reasonable account Wert's commonsense justification under the related circumstances for accepting alternate transportation in order to get home.
We see no justification for disturbing the JIC's finding, which comports with logic and reason.
The order of reversal of the Commission is quashed with direction to reinstate the order of the JIC.
ROBERTS, Acting C.J., and McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents.