OVERTON, Chief Justice.
The petitioner presents the following point for review:
“The Judge of Industrial Claims erred in applying the going and coming rule when *559 the uncontroverted evidence shows the transportation, to and from work, was a consideration incidental to the contract of employment, and that the employer provided free transportation to the claimant.”
However, the Judge of Industrial Claims made the following findings of fact:
“I find that the employee, MARTA LINDBLOM, worked as a teller for the employer, CHASE FEDERAL SAVINGS AND LOAN ASSOCIATION, of Miami Beach, Florida. She was involved in an automobile collision on or about December 18,1974, at or near the intersection of Southwest 117th Avenue and Southwest 112th Street. She was at the time in the process of returning to her home, engaging in a car pool, and on the specific occasion, having driven Diana Liebgold to her destination. I find that the employee owned and operated her own motor vehicle at the time of the accident; that she received no compensation directly or indirectly from her employer for participating in a car pool; that the employer did not form or control the car pool; that the arrangements for this specific trip were made between MARTA LINDBLOM and Diana Liebgold individually, without participation by the employer; that the fees charged by MARTA LINDBLOM for using her car and gasoline in the car pool were set by the claimant, collected by the claimant and not guaranteed or paid by the employer; and that route of travel by the car pool was selected by the claimant and not the employer.”
The Commission’s affirmance is in accordance with the essential requirements of law. Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla.1965).
Certiorari denied.
ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.