382 So.2d 802 (1980)
Handy GEORGE, Jr., Appellant,
v.
WOODVILLE LUMBER COMPANY and Travelers Insurance Company, Appellees.
No. QQ-49.
District Court of Appeal of Florida, First District.
April 11, 1980.
*803 Edward S. Stafman of Patterson & Traynham, and Stephen M. Slepin of Slepin & Slepin, Tallahassee, for appellant.
Lloyd C. Leemis of Boyd, Jenerette, Leemis & Staas, P.A., Jacksonville, for appellees.
PER CURIAM.
Claimant appeals an order of the judge of industrial claims, which dismissed his claim for compensation. The judge found that the statute of limitations barred the claim and that claimant did not sustain an injury arising out of and in the course of his employment. We affirm.
Claimant was injured in an automobile accident which occurred at about 7:45 a.m. on September 5, 1972, while he was on his way to work in his automobile. Claimant's regular work hours were from 8 a.m. until 5 p.m. At the time of the accident, claimant was furnishing two of his fellow employees, whom he supervised, transportation to work. Claimant contended that he was instructed by his employer to transport these fellow employees to work; however, claimant's employer denied having given such instructions to claimant. Claimant admitted that his employer did not furnish him gas or money to transport the other employees to work.
As a general rule, injuries sustained by an employee when going to or coming from his regular place of work are not considered to have arisen out of and in the course of his employment. This rule, however, is subject to numerous exceptions. See e.g., Larson, 1 Workmen's Compensation Law §§ 15.00, 16.00, 17.00, 18.00 et seq. (1978); Schneider, 8 Workmen's Compensation Text, § 1710 et seq. (3d Ed. 1951). After thorough review of the record, the applicable law, and the arguments ably presented by counsel, we agree with the judge's determination that the present accident does not come within any of the exceptions to the going and coming rule. Claimant was not compensated or reimbursed by his employer for the transportation to work of either himself or his fellow workers. Claimant was not performing any special errands or duties for his employer at the time of the accident. Claimant's destination, route, and mode of transportation were of his own choosing. Nor was claimant's transportation to and from work an incident to or part of his contract of employment.
Lindblom v. Chase Federal Savings and Loan Association, 344 So.2d 558 (Fla. 1977) appears analogous. Therein, the judge of industrial claims found as follows:
I find that the employee, Marta Lindblom, worked as a teller for the employer, Chase Federal Savings and Loan Association, of Miami Beach, Florida. She was involved in an automobile collision on or about December 18, 1974, at or near the intersection of Southwest 117th Avenue and Southwest 112th Street. She was at the time in the process of returning to her home, engaging in a car pool, and on the specific occasion, having driven Diana Liebgold to her destination. I find that the employee owned and operated her own motor vehicle at the time of the accident; that she received no compensation directly or indirectly from her employer for participating in a car pool; that the employer did not form or control the car pool; that the arrangements for this specific trip were made between Marta Lindblom and Diana Liebgold individually, without participation by the employer; that the fees charged by Marta Lindblom for using her car and gasoline in the car pool were set by the claimant, collected by the claimant and not guaranteed or paid by the employer; and that route of travel by the car pool was selected by the claimant and not the employer.
*804 The judge of industrial claims found that compensation was precluded by the going and coming rule. The Supreme Court held that the Industrial Relations Commission's affirmance of the denial of the claim was in accordance with the evidence.
Since the judge of industrial claims correctly determined that claimant did not sustain an injury from an accident arising out of and in the course of his employment, consideration of claimant's other contentions is unnecessary. Accordingly, the order appealed is affirmed.
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.