PER CURIAM.
The employer/carrier appeal the deputy’s findings that claimant suffered a compensa-ble accident and that the value of transportation furnished by claimant’s supervisor to and from work without the employer’s knowledge was includable in the calculation of claimant’s average weekly wage. We affirm the finding of compensability but reverse the finding regarding the value of the transportation.
The record contains unrefuted evidence that the employer had no knowledge that claimant’s crew leader was providing transportation for his crew to and from work. Also, the crew leader was not reimbursed for any of the expenses connected with this transportation. See George v. Woodville Lumber Co., 382 So.2d 802 (Fla. 1st DCA 1980). This case is factually distinguishable from those cases which hold that a claimant is in the course of employment when he is traveling to and from work in transportation under the control of the employer or in transportation provided by a supervisor who is reimbursed for this expense by the employer. See Lee v. Florida Pine and Cypress, 157 So.2d 513 (Fla.1963); Larson, 1 Workmen’s Compensation Law, § 17.00 et seq. (1978).
MILLS, WENTWORTH and THOMPSON, JJ., concur.