670 P.2d 423

Andres TORRES, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Bruce Church, Inc., Respondent Employer,

Associated Indemnity Corporation, Respondent Carrier.

Genaro PARRA, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Bruce Church, Inc., Respondent Employer,

Associated Indemnity Corporation, Respondent Carrier.

Manuel HERNANDEZ, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Bruce Church, Inc., Respondent Employer,

Associated Indemnity Corporation, Respondent Carrier.

Jesus FLORES, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Bruce Church, Inc., Respondent Employer,

Associated Indemnity Corporation, Respondent Carrier.

Fausto R. NOVELO, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Bruce Church, Inc., Respondent Employer,

Associated Indemnity Corporation, Respondent Carrier.

No. 1 CA–IC 2860.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 30, 1983.

Cordova, Flores, Morales & Iniquez by Arnold Cordova, Jr., Phoenix, for petitioners.

James A. Overholt, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Jennings, Kepner & Haug by Carolyn Kaluzniacki, Craig R. Kepner, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Chief Judge.

The sole issue raised by this review of an award of the Industrial Commission for a noncompensable claim in five consolidated cases is whether five workers injured while going to work in their own transportation were nevertheless in the course and scope of their employment because they were excluded from transportation supplied by the employer.

The claimants in this case were all employed as farm workers by Bruce Church, Inc., and all resided in the area of San Luis, Arizona/Mexico. At the time pertinent here, the claimants were working at a location known as Gila Ranch, a distance of approximately 7 miles from San Luis. At the time of their accident, the claimants and their employer were operating under an expired collective bargaining agreement which all parties agree determines their contractual rights in this dispute. This agreement did not require the employer to furnish transportation to farm workers or to pay travel allowances unless the commute to the initial job site was over forty miles. We therefore reject claimants' contentions that they were contractually entitled to employer supplied transportation for the commute from San Luis to Gila Farms, a distance of approximately 7 miles.

However, Bruce Church Farms had customarily provided free transportation to all its employees residing in the San Luis area

regardless of their ultimate job site destination. As to these claimants there was testimony that they were refused the right to use this customarily provided transportation because of their union activities on behalf of the Farm Workers' Union. While the administrative law judge notes this testimony, which was contradicted by a representative of the employer, he failed to resolve whether in fact there was a refusal to use the company bus or if so the reasons for the refusal.

In any event, on March 7, 1981, the claimants while commuting from San Luis to the Gila Ranch job site in a car owned and driven by one of them, were injured when hit by another car. While all five claimants filed workers' compensation claims, Jesus Flores, being uninjured in the accident withdrew his claim.

Both before the Commission and this court the claimants contend that the coming and going rule (which would preclude compensation) is inapplicable to trips to and from the work site in a company supplied conveyance and that although the claimants were injured in a private conveyance they are still within the "employer's conveyance" exception to the coming and going rule because they were arbitrarily excluded from the customary company supplied bus transportation.

The administrative law judge resolved these issues by finding that under the union contract between the parties, the claimants were not entitled to travel allowances; that the "range of dangers" associated with the employer's premises were not applicable under these facts; and that no exception to the "coming and going" rule applied in this case and therefore the accident occurring while the claimants were travelling to their work place was not an industrial responsibility.

■ The general "coming and going" rule is articulated in *Butler v. Industrial Commission,* 50 Ariz. 516, 73 P.2d 703 (1937):

It is of course the general rule in compensation cases, subject to a few exceptions, that a man does not enter an employment until he reaches the place where the work of his employer is to be carried on, and similarly, when he has finished all the work required by his duties and leaves the place of business of his employer to go to his own home, he has left the employment, and that an accident which may occur to him on his way to or from his work is not in the due course of his employment.

50 Ariz. at 521, 522, 73 P.2d at 705. However, as *Butler* points out, this rule is subject to exceptions. See 1 A. Larson, The Law of Workmen's Compensation, §§ 15.-00–17.50 (1982). Each exception has its specific elements and distinct rationale. The elements and rationale of one must not be confused with those of another.

One exception applies to injuries on the employer's premises. See *Pauley v. Industrial Commission,* 109 Ariz. 298, 508 P.2d 1160 (1973); 1 A. Larson, *supra,* at § 15.10. The rationale for this exception is that because the employee is on the employer's premises, the course of employment includes these employment related risks even though the employee is going to or coming from work. See *Pauley v. Industrial Commission, supra;* 1 A. Larson, *supra,* at § 15.15.

■ The administrative law judge correctly determined that this exception was inapplicable to the present case. It does not follow, as the administrative law judge apparently concluded, that other exceptions depend on the nexus between the employer's premises and the injury. They do not. For example, if the employer compensates the employee for the *time* spent traveling to and from work, the employer thereby impliedly agrees that the employment continues while the employee is going and coming. See *Serrano v. Industrial Commission,* 75 Ariz. 326, 256 P.2d 709 (1953); 1 A. Larson, *supra,* at § 16.20. Also, if the employer pays a travel allowance or supplies the employee with a vehicle, and if under the totality of the circumstances of the employment the travel to and from work is a substantial part of the service performed,

going and coming is within the course of employment. *See Strauss v. Industrial Commission,* 73 Ariz. 285, 240 P.2d 550 (1952); *Fisher Contracting Co. v. Industrial Commission,* 27 Ariz.App. 397, 555 P.2d 366 (1976); 1 A. Larson, *supra,* at § 16.30; *but see Brooks v. Industrial Commission,* 136 Ariz. 146, 664 P.2d 690 (App.1983).

■ The employer and carrier deny that an exception to the general rule applies simply because the employer pays a travel allowance or supplies a vehicle to the employee for transportation. This argument again confuses the elements and rationales of different exceptions to the general rule. One exception applies to travel allowances or vehicles supplied to an employee. Its rationale is that under the totality of circumstances the travel to and from work is a substantial part of the service performed. The travel allowance or vehicle is merely evidence of the importance of the travel as part of the service performed. *See* 1 A. Larson, *supra,* at § 17.10, at 4–187.

Again we agree that under the circumstances here, the administrative law judge correctly determined that this exception does not apply.

■ The claimants, however, contend that a separate exception applies to going and coming in a vehicle under the employer's control. The distinct rationale for this rule is that by taking control of the trip to and from work, the employer has extended the risks of employment and therefore has extended the course of employment. *Id.,* at 4–180, 14–187. Because the employer's actual control over the employee's going and coming justifies this exception, it applies both to transportation required by contract and to transportation supplied by custom or usage. *Id.,* § 17.30, at 4–194, 4–199 to –200.

We have discovered no Arizona authority that unequivocally applies the employer's conveyance exception. One case relies in part on authority recognizing this exception. *See J.D. Dutton, Inc. v. Industrial Commission,* 120 Ariz. 199, 584 P.2d 1190 (App.1978) (citing 1 A. Larson, *supra*

§§ 17.10, 17.30). But it also relies on and applies the totality of circumstances exception applicable to vehicles supplied to employees. *Id.,* (citing *Strauss v. Industrial Commission, supra,* and *Fisher Contracting Co. v. Industrial Commission, supra.*) A separate exception to the general rule for going and coming in a conveyance under the employee's control is widely recognized. *See* 1 A. Larson, *supra,* at § 17.10. We conclude that this exception should apply in Arizona.

Up to this point we have discussed the employer's conveyance exceptions as if the injuries occurred while using that conveyance, and agree that under these circumstances the exception applies regardless of whether the conveyance is supplied as the result of a contractual obligation of the employment or whether the conveyance is supplied simply as a convenience to the employer or the worker.

. However, in this case the claimants' injuries occurred not in a conveyance over which the employer exercised control, but rather in a private vehicle over which the claimants exercised control. Nevertheless, the claimants argue that because the employer arbitrarily denied them transportation customarily supplied to other farm workers they were required to use private transportation and the employer should not be relieved from liability because of its arbitrary action. In making this argument, the claimants rely primarily on *Wert v. Tropicana Pools, Inc.,* 286 So.2d 1 (Fla.1973). In that case, the employer was contractually required to provide the employee transportation, but failed to do so. The employee accepted alternative private transportation and was injured. Compensation was allowed for the following reasons:

[W]hile we agree with the finding of the Commission that the ride home accepted by Wert during which the accident occurred was not the actual transportation provided by his employer, we cannot agree with the Commission that the claimant's injuries did not arise out of and in the course of his employment. Were we to deny compensation for injury

under such circumstances, we would be encouraging an employer to deny the responsibility to provide his employees the transportation he has promised them and then be rewarding him by rejecting his liability for injuries arising out of his denial in a situation where the employee reasonably turns to in lieu transportation because of failure of the usual transportation agreed to be provided by the employer.

*Wert v. Tropicana Pools, Inc.,* 286 So.2d at 4.

■ We have not been directed to, nor has our independent research found, any other case which has applied the employer's conveyance exception where the injuries were received when not using the employer supplied transportation. However, the rationale of *Wert* is compelling where the agreement of the employer to supply transportation is a matter of contract between the worker and the employer. By such contractual obligation the employer has agreed to take control of the coming and going to the work site and its breach of that contractual obligation cannot diminish what it contractually agreed would be part of the work environment.

Where the supplying of transportation is not contractually required, but is merely supplied by the employer as a regular practice for its or its employees' convenience, the rationale of *Wert* breaks down. Under these circumstances, the employer has not agreed that it will take control (and thus extend its liability) under all circumstances for getting the employees to and from the work site, but rather that it impliedly agrees if the company transportation is utilized that employer control will extend to the use of that means of transportation. While this may necessarily become an implied part of the employment contract, *see*

*California Casualty Indem. Exch. v. Industrial Acc. Com.,* 21 Cal.2d 461, 132 P.2d 815 (1942) such an implied condition of employment may be terminated at will. As stated in *Indem. Exch.,* when the employer supplied transportation to its employees as a convenience to them,

> The employer's right to withdraw the privilege of using the car was merely a right to terminate the contract at will, and was not inconsistent with the existence of the agreement.

21 Cal.2d at 464, 132 P.2d at 817.

■ Here, there is no contention that Bruce Church's refusal to allow the claimants to use the company bus was a breach of the contractual agreement between Bruce Church and the farm union. Rather it appears that Bruce Church could withdraw the privilege of allowing workers to use its transportation at will. As to these claimants, that privilege was withdrawn some time prior to the accident for which claimants seek compensation. Since the privilege was withdrawn, the control the employer exercises over the coming and going which is the rationale of the employer conveyance exception, is likewise withdrawn.

We therefore hold that the employer conveyance exception adopted here does not apply to these claimants under the circumstances presented.

Award affirmed.

BROOKS and OGG, JJ., concur.