PER CURIAM.
These consolidated cases are before us on appeal from a final summary judgment entered in favor of the third-party defendants, Arlington Dewey Alford (Alford) and Craggs Construction Company, Inc. (Craggs). The third-party plaintiffs, Florida Rock and Tank Lines, Inc. (Florida Rock), and Charles Robert Johnston (Johnston), appeal the entry of the summary judgment on their third-party complaint, contending that there were genuine issues of material fact precluding summary judgment and that the “scope of employment” test was improperly applied.
The case arises from an accident which occurred on September 13, 1983, at 6:15 a.m., when plaintiffs’ decedent, Dalton Simpler (Simpler), was killed while riding as a passenger in a pickup truck owned by Craggs and driven by Alford. At the time of the accident, the decedent and Alford were employees of Craggs and were on their way to the job site to begin work at 7:00 a.m. The other vehicle involved in the accident was a tractor-trailer owned by Florida Rock and driven by a Florida Rock employee, Johnston. The Craggs pickup truck rearended the Florida Rock tractor-trailer. There was evidence that poor maintenance of the brakes on the pickup truck may have contributed to the accident.
Simpler’s widow obtained workers’ compensation benefits- from his employer, Craggs, and filed suit in wrongful death under Section 768.16, Florida Statutes (1981), against Florida Rock and Johnston, as well as against General Motors Corporation and International Harvester Company. Florida Rock and Johnston, in turn, filed third-party complaints against Alford and Craggs, as well as against General Motors and International Harvester, seeking contribution based on the negligence of those parties in causing the collision, and also filed claims against General Motors and International Harvester based on warranty and strict liability.[1]
The trial court granted motion for summary judgment filed on behalf of Craggs and Alford, and entered judgment against Florida Rock and Johnston as to Count I of their third-party complaint, holding, in pertinent part, as follows:
Craggs and Alford contend that because they were Simpler’s employer (and fellow employee) they are entitled to benefits of Section 440.11, F.S. which exempt them from liability for the payment of damages beyond those provided by the Workers’ Compensation Law. Florida Rock and Johnston say that would be true if Simpler had been engaged in the *1235 performance of the duties of his employment with Craggs at the time of the accident but that, in reality, he was not: he was simply traveling to and from his place of employment. Craggs and Alford respond to the effect that Simpler’s transportation to and from the places where he actually operated the machinery he was employed to operate, being provided by the employer in its vehicle, was or had become an incident to the employment by reason of which the “hazards of the highway” were just as much a part of the risk as any other function he performed.
The essential facts are not at issue. The application of the law to those facts is. Grant of the Motion for Summary Judgment as to Count I of the Third Party Complaint is appropriate. The facts clearly support the findings, now announced by the Court, that Simpler’s transportation to and from his place of employment was an incident to his employment: the “going and coming” rule does not apply: and the exclusivity rule embodied in Section 440.11, F.S. does apply-
In addition to arguments that: (i) Simpler was not on the payroll when the accident occurred; and (ii) company provided transportation was solely for the convenience of the employee, Florida Rock and Johnston argue that the material facts in this case are indistinguishable from those in Allen v. Carman, 281 So.2d 317 (Fla.1973) and that Allen suggests that Section 440.11 should be applied in one fashion when an award of compensation benefits is being considered but in another fashion when the claims of possible joint tort feasors are at issue. This Court rejects the latter argument and further finds that Allen is factually distinguishable from the instant ease in that in Allen the fatal trip was apparently but a one time event not at all representative of the way in which the parties normally treated the incidents of the employment.
After oral argument and on consideration of the record and briefs, we hold that summary judgment was properly granted. The material facts are undisputed that the deceased was in the course and scope of his employment, being transported in his employer’s vehicle which was routinely provided by the employer and arranged by him. One of the basic exceptions to the so-called “coming and going” rule arises when transportation is provided or arranged by the employer and is being used in accordance with the employer’s direction and purpose. E. Davis Florida Workers’ Compensation Law 398, 402 (1st ed. 1982). The fact that the employee’s convenience is also served by the furnishing of this transportation does not obscure the presumed basic, overriding purpose of the transportation as being for the benefit of the employer. The affidavits and depositions of Woolley and Alford are consistent in this regard and support the trial court’s determination.
We find no basis, and no authority is cited, which would support a different interpretation of Section 440.11, Florida Statutes, or of the “scope of employment” test, depending on whether the issue is one of claimant’s compensation or of tort-feasor/employer contribution. We recognize public policy considerations distinct in the application of Chapter 440 and the apparent injustice which may arise by precluding third-party tortfeasors who, though not party to the employment relationship and the benefits/duties of the Workers’ Compensation Act, are, by virtue of Section 440.11, rendered powerless to sue the employer whose negligence may be substantially responsible for the plaintiff’s injuries and the third party’s damages. These matters are, however, essentially for the Legislature.
Accordingly, the judgment below is affirmed.
BOOTH, C.J., and SHIVERS and ZEH-MER, JJ., concur.

. The claims against General Motors Corporation and International Harvester Company are not before us in this appeal.