569 So.2d 821 (1990)
Sean ANDREWS, Appellant,
v.
DRYWALL ENTERPRISES and Executive Risk Consultants, Inc., Appellee.
No. 89-02523.
District Court of Appeal of Florida, First District.
October 31, 1990.
Rehearing Denied December 10, 1990.
*822 Richard B. Berman, Lauderhill, for appellant.
Kimberly A. Hill, Hollywood, for appellee.
WOLF, Judge.
Sean Andrews appeals a workers' compensation, order denying his claim for benefits. Claimant asserts on appeal that the judge of compensation claims erred in ruling that: 1) the claimant was not a statutory employee pursuant to section 440.10, Florida Statutes, since he was not "engaged in contract work" for the appellee, Drywall Enterprises, at the time of the accident, and 2) the "going and coming" rule precluded the employee from collecting compensation benefits. We disagree with the judge of compensation claims' interpretation of the statute and the application of the "going and coming" rule to the facts of this case and reverse.
The appellee, Drywall Enterprises, was performing drywall work on a residential construction project pursuant to a contract. Drywall Enterprises contracted with Richard Smith to perform drywall finishing on this project. Smith hired the claimant, Andrews, and another employee by the name of Kelvin Iwansky as finisher's helpers sometime in 1987.
The only specific term of the employment agreement between Smith and the claimant was that claimant would be paid $7 per hour for the hours when he was actually performing piecework. Smith, however, was aware that claimant did not have a driver's license and would not be able to work without being driven. Smith, therefore, agreed to take the claimant to and from work. During the entire course of the employment relationship, Smith, who lived three blocks from the claimant, picked up claimant each morning in his work truck and drove him to the project site. Smith also drove claimant home each night.
Claimant was not paid for the time that he was being driven to work and testified that he did not consider transportation to be part of the employment contract. Richard *823 Smith testified, however, that he did consider transportation to be part of the employment contract but stated that he could not be sued for failing to provide transportation.
The testimony of co-employee, Kelvin Iwansky, who also drove to work with Smith, was substantially similar to the claimant's.
On November 2, 1988, while driving to the job site, Smith's truck was struck by another vehicle that ran a red light. Claimant was a passenger in the truck and injured his left knee. Richard Smith did not have compensation coverage.
The claimant filed for compensation benefits claiming that Drywall was his statutory employer pursuant to section 440.10(1), Florida Statutes. The employer/carrier denied compensability.
The judge of compensation claims upheld the denial of compensability and in pertinent part concluded:
It is undisputed that Richard Smith, Sean Andrews (the claimant) and Kelvin Iwansky were on their way to the job site and not engaged in the contract work sublet by Drywall Enterprises at the time of the accident. Accordingly, although the three would have had the benefit of the statutory employer doctrine had they been on the job site engaged in the contract work, in the instant case, the going and coming rule applies to defeat compensability ... By its express terms, Florida Statute 440.10 refers to protection by a contractor for those `engaged in the contract work.' ... The terms of Florida Statute 440.10 do not require a contractor to be responsible for that which it did not `consentingly' sublet, for by definition; this is not contract work. The hazard of going and coming from work are undeniably no part of the contract between Richard Smith and Drywall. Therefore, Richard Smith, Kelvin Iwansky and Sean Andrews (the claimant) were not engaged on the contract work at the time of the accident, and the going and coming rule applies to defeat recovery. Sec. 440.10(1).
The judge of compensation claims has construed the phrase "engaged in contract work" in such a manner that in order to be considered a statutory employee pursuant to section 440.10(1), Florida Statutes, the employee must be injured on the job site to recover. Such a restrictive interpretation contravenes the statutory intent and established law that a statutory employee and direct employees have equal rights and benefits.
Section 440.10(1), Florida Statutes, is designed to ensure that employees engaged in the same contract work are covered regardless of whether they are employees of the general contractor or its subcontractor. Miami Roofing and Sheet Metal Co. v. Kendt, 48 So.2d 840 (Fla. 1950). The statutory employee should be treated as if his employer had obtained workers' compensation coverage.
We feel the phrase "engaged in such contract work," while intended to protect a contractor from claims which are unrelated to the statutory employer's project, was not intended to defeat recovery in a case such as this where there is no question that the claimant was enroute to the contractor's project site.
The sole issue is, whether under the circumstances of the instant case, does the application of the "going and coming" rule preclude recovery. The general rule is that injuries sustained when employees are going to and coming from work are not considered to arise out of and in the course of employment. City of Fort Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA 1990). Such an injury is compensable, however, when the transportation "is the result of an expressed or implied agreement ... or when it has ripened into a custom to the extent that it is incidental to and part of the contract of employment ... or when it is the result of a continued practice in the course of the employer's business, and the practice is beneficial to both the employer and employee. Huddock v. Grant Motor Company, 228 So.2d 898, 900 (Fla. 1969).
In this case, Smith agreed to provide claimant transportation in order to get *824 claimant to the job site. Without being driven to and from his job, claimant would not have been able to work since he did not have a driver's license and there is no evidence he had the means for other transportation. This transportation was more than a mere convenience and served the interests of the employer as well as the employee. The fact that the claimant was not on the payroll when the accident occurred is not determinative. Fla. Rock & Tank Lines v. Alford, 474 So.2d 1233 (Fla. 1st DCA 1985). Nor are the legal conclusions of lay witness as to whether there was a formal agreement which could potentially result in litigation. What is important are the facts that demonstrate that a custom had begun which was incidental to the mutual relationship created by the employment contract. Swartzer v. Food Fair Stores, Inc., 175 So.2d 36, 38 (Fla. 1965).
We, therefore, reverse the order denying compensability and remand for entry of an order finding claimant's accident was compensable and to determine the benefits due claimant.
Reversed and remanded.
SHIVERS, C.J., and BOOTH, J., concur.