619 So.2d 12 (1993)
George W. HUME and Jill D. Hume, His Wife, Appellants,
v.
James J. ROYAL and Carole E. Royal, His Wife, Appellees.
No. 92-1188.
District Court of Appeal of Florida, Fifth District.
April 30, 1993.
Rehearing Denied June 9, 1993.
*13 John McE. Miller of Bartlett & Miller, Ponte Vedra Beach, for appellants.
Katherine G. Jones of Upchurch, Bailey and Upchurch, P.A., St. Augustine, for appellees.
COBB, Judge.
The appellants, George and Jill Hume, appeal a final judgment in which the trial court found that the construction of a dock by the appellees, James and Carole Royal, was not contrary to the intended purpose of their easement grant.
James Royal testified at trial that in 1979 he purchased the eastern portion of property then owned by Annie Parado, the Humes' predecessor in title. Because the bank required him to obtain an easement to a canal before it would advance the necessary funds for construction of his home, Royal and Parado had an attorney prepare an easement grant. The attorney prepared the document based upon Royal's instructions. The relevant portions of the easement grant provide the following:

EASEMENT GRANT FOR INGRESS AND EGRESS TO INTERCOASTAL WATERWAY
* * * * * *
WHEREAS the grantor wishes to grant and the grantee wishes to receive an easement over and across "Parcel B" for ingress and egress to the intercoastal waterway, said easement hereinafter called "EASEMENT" and described as:
The South 10.0 feet of "Parcel B" hereinabove, to wit: The South 10.0 feet of Lot 43, except the East 200.0 feet of Lot 43, as recorded in Plat Book 5, page 63, of the current public records of St. Johns County, Florida.
and;
WHEREAS the grantee only desires pedestrian access, over and across "Parcel B" to the intercoastal waterway up to and including the established bulkhead;
* * * * * *
The Grantor hereby grants, assigns and sets over to the grantee, his heirs, successors, personal representatives, and assigns as an easement appurtenant to "Parcel A" a perpetual easement for ingress and egress over and across the "EASEMENT" to the intercoastal waterway. However, the grantor does not hereby grant exclusive use of the "EASEMENT" and shall have the full use and enjoyment and benefit of the "EASEMENT" except as herein granted to grantee.
The "EASEMENT" shall be used only by Grantee for pedestrian access to the intercoastal waterway and it is not intended to serve as access for vehicular traffic, boats, trailers, automobiles and the like.
The "EASEMENT" shall be used by grantee, his heirs, successors, personal representatives and assigns only. It is not intended as a public access from "Parcel A" to the intercoastal waterway. It may be used by guests visiting the grantee in personam or temporarily residing on "Parcel A."
The "EASEMENT" shall not be used for commercial purposes or any other purpose which would increase the anticipated use of ingress and egress to the intercoastal waterway and cause same to be used by anyone other than the grantee, his heirs, successors, personal representatives and assigns or guests as stated hereinabove.
The grantee shall be responsible for the use and enjoyment of the "EASEMENT" and shall hold the grantor harmless from any claim of damages to person or property resulting from the use, occupancy and possession of same by grantee, his heirs, successors, personal representatives and assigns or guests.
In 1991, Royal decided to build a dock off of the easement, and obtained the necessary permits. The dock was built in two days and cost $3,490.00. The Royals used the dock for fishing, shrimping, crabbing, boating and sunning. Following the dock's construction, the Humes, who had purchased the Parado property in 1988, filed an action against the Royals for injunction, declaratory judgment and trespass. Following a trial, the trial court entered a final *14 judgment in favor of the Royals. The court specifically found that the Royals acted within their rights in constructing the dock. The court noted that they had obtained the required state and federal permits and that construction of the dock was not contrary to the intended purpose of the easement grant. The court relied heavily upon the case of Cartish v. Soper, 157 So.2d 150 (Fla. 2d DCA 1963). It denied the Humes' trespass claim for damages.
We reverse because we agree with the Humes that the express language of the easement is clear that construction of a dock was not contemplated within the terms of the easement. The grantee (Royal) was limited to pedestrian access only to the established bulkhead and the easement expressly was not intended to serve as access for boats. No evidence was introduced to show that a dock was needed to facilitate pedestrian access to the bulkhead. Trial courts are required to honor the express intentions of parties to an easement. See Kotick v. Durrant, 143 Fla. 386, 196 So. 802 (1940); Richardson v. Deerwood Club, Inc., 589 So.2d 937 (Fla. 1st DCA 1991); Avery Dev. Corp. v. Village by the Sea Condominium Apts., Inc., 567 So.2d 447 (Fla. 4th DCA 1990); Walters v. McCall, 450 So.2d 1139 (Fla. 1st DCA 1984); Jabour v. Toppino, 293 So.2d 123 (Fla. 3d DCA 1974); Claughton Hotels, Inc. v. City of Miami, 140 So.2d 608 (Fla. 3d DCA 1962), cert. denied, 146 So.2d 750 (Fla. 1962). The Royals' reliance on the Cartish case is misplaced. The easement granted in Cartish simply did not contain the restrictive language which we find in this case.
Reversed and remanded for entry of judgment for the Humes in regard to their action for injunctive relief for removal of the dock at the Royals' expense and for an award of damages consistent with any proof adduced at trial, together with costs.
REVERSED AND REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.