627 So.2d 595 (1993)
SECUREX, INC. & Claims Center, Appellants,
v.
Johnny COUTO, Jr., Appellee.
No. 93-39.
District Court of Appeal of Florida, First District.
December 7, 1993.
*596 Nancy A. Lauten and James A. Tucker of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellants.
J. Michael Brennan, Fort Pierce, for appellee.
DAVIS, Judge.
Securex, Inc. and Claims Center have appealed a non-final order of the judge of compensation claims (JCC) finding compensable the injuries suffered by Johnny Couto, Jr. We affirm.
Mr. Couto was injured in a car accident while on his way home from work. At the time, Mr. Couto was a passenger in a company car being driven by a fellow employee. For over two years, since his own car stopped running, Mr. Couto had been driven to and from the job site every time he worked. When Mr. Couto worked a regular shift he was charged a nominal fee by Securex for the transportation, but there was no charge if Mr. Couto was working overtime or an extra shift. Securex had a rule that employees were to have their own cars and provide their own transportation. An exception was made for Mr. Couto because he was a reliable employee, available on short notice, and "a nice guy who needed to work." However, no other employees were allowed to ride in the car when Mr. Couto was being taken to work or to his home. The only persons in the car were Mr. Couto and whoever had been designated to drive him. Mr. Couto was never given a car to take home, and never drove the company car which transported him. On the day of the accident, Mr. Couto was being taken directly home from his job site; he was not running any personal errands in the company car and the driver was not running any business errands other than transporting Mr. Couto.
Ordinarily, injuries incurred while going to and from work are not compensable. Andrews v. Drywall Enterprises, 569 So.2d 821 (Fla. 1st DCA 1990), review denied mem., 581 So.2d 1307 (Fla. 1991). Over the years, a number of exceptions to the "going and coming rule" have been recognized. Sweat v. Allen, 145 Fla. 733, 200 So. 348, 350 (1941), overruled on other grounds by City of Fort Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA), review denied mem., 574 So.2d 139 (Fla. 1990). One of these recognized exceptions is for transportation provided by the employer. Florida Rock and Tank Lines, Inc. v. Alford, 474 So.2d 1233, 1235 (Fla. 1st DCA 1985). An injury is deemed to have occurred in the course and scope of one's employment if it took place while one was being transported pursuant to a custom which made the transportation an implicit part of the employment contract. Andrews v. Drywall Enterprises, Inc., 569 So.2d at 823.[1]
*597 Securex argues that even if this transportation used to come under an exception to the coming and going rule, the exception no longer applies because of a newly enacted statute, section 440.092(2), Florida Statutes (Supp. 1990). This case presents a question of first impression regarding the extent to which section 440.092(2) has abrogated the exception to the going and coming rule for employer-provided transportation. The law provides that:
An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
Obviously, this new law is not intended to completely abrogate the exception to the going and coming rule for employer provided transportation. If the scope of the new law had been that broad, the Legislature would have stopped after the words "whether or not the employer provided transportation." The specific question before this Court is whether, under the facts of this case, Securex provided transportation to Mr. Couto "for the exclusive personal use by the employee."
Generally, the term "exclusive use" means something more than the degree of possession or control found here. See, e.g., Hume v. Royal, 619 So.2d 12 (Fla. 1st DCA), review denied mem., 629 So.2d 135 (Fla. 1993) (by terms of easement, grantor did not grant exclusive use to grantee; grantor retained the right of access and full use and enjoyment of the easement); Hathcock v. Hathcock, 533 So.2d 802 (Fla. 1st DCA 1988), review denied mem., 542 So.2d 1333 (Fla. 1989) (wife awarded exclusive use of Buick owned by both parties); see also Kuhn v. P.J. Carlin Const. Co., 274 N.Y. 118, 8 N.E.2d 300, 305 (1937) (employer did not have exclusive use of ferry hired to transport employees; ferry owner was responsible for supervision, control, maintenance, inspection, navigation and operation of the vessel).
Securex decided when to send a car for Mr. Couto, decided which car to send, and decided who should drive the car. Mr. Couto did not have the exclusive use of this means of transportation. The argument advanced by Securex that the transport was for Mr. Couto's exclusive use because no other employees were permitted to be passengers at the same time as Mr. Couto is not persuasive. The judgment of the JCC, finding Mr. Couto's injuries compensable because the accident occurred in the course and scope of his employment, is Affirmed.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.
NOTES
[1] Securex argues that only free transportation is encompassed by this exception to the going and coming rule. Securex has not cited any Florida cases holding that transportation must be free to fall within this exception. It is the judgment of this Court that it is not relevant whether the employer charged a fee for the transportation. Other jurisdictions have reached this same conclusion. See, e.g., Peski v. Todd & Brown, 158 F.2d 59 (7th Cir.1946).